**Deborah WINTERS, M.D.,**
**Plaintiff/Appellant,**

v.

**HEALTHTRUST, INC., River Park Hospital, Inc. and River Park Hospital Associates, L.P., Defendants/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

May 29, 1992.

Permission to Appeal Denied by
Supreme Court Aug. 24, 1992.

Doyle E. Richardson and Christina Henley Duncan, Rogers, Richardson & Duncan, Manchester, for plaintiff/appellant.

Patricia G. Griffith, Chad A. Shultz, Ford & Harrison, Atlanta, Ga. and William T. Ramsey, Neal & Harwell, Nashville, for defendants/appellees.

## OPINION

CANTRELL, Judge.

This appeal presents a question of venue; specifically, whether the action must be brought in Warren County because the plaintiff and one of the defendants are residents of that county. The Circuit Court of Davidson County dismissed the action for lack of proper venue. We affirm.

### I.

The plaintiff, a radiologist whose residence is in Warren County, had a contract with River Park Hospital Associates, L.P. to furnish radiological services at the River Park Hospital in McMinnville. River Park Hospital Associates, L.P. is a Delaware limited partnership whose general partner is River Park Hospital, Inc., a Tennessee corporation with its principal place of business in Davidson County. The defendant Healthtrust, Inc., which owns 89% of the stock of River Park Hospital, Inc., also has its principal place of business in Davidson County.

The plaintiff filed this action in the Circuit Court of Davidson County, alleging breach of contract, sexual discrimination and harassment in employment, invasion of privacy, intentional infliction of emotional distress, and tortious interference with contract rights.

The defendants moved to dismiss the action on the ground of improper venue because the plaintiff and River Park Hospital Associates, L.P. were both residents of Warren County and the cause of action arose there. The defense was based on subsection (b) of Tenn.Code Ann. § 20–4–101 (1980), which provides:

> (b) If, however, the Plaintiff and Defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence.

The circuit court dismissed the action, finding that the plaintiff and River Park Hospital Associates, L.P. were both residents of Warren County and the cause of action arose there.

### II.

If the circuit judge's finding as to the residence of River Park Hospital Associates, L.P. is correct, his judgment dismissing the action is also correct. Although Tenn.Code Ann. § 20–4–101(b) does not by its terms apply to multiple parties, our Supreme Court has applied it in cases where the plaintiff and one of several defendants reside in the same county and the cause of action arose there. *Tims v. Carter*, 192 Tenn. 386, 241 S.W.2d 501 (1951). In that case, where the plaintiffs and one defendant were residents of Madison County where the cause of action arose, another defendant resided in Shelby County and suit was brought in Davidson County

where another defendant was found, the court said:

"We ... conclude that where the plaintiff and a material defendant or defendants reside in the same county, this county being the county where the cause of action accrued, that then the county of the residences of those parties should be the county of action for venue purposes."

*Tims*, 192 Tenn. at 391, 241 S.W.2d at 503.

The question, then, is whether River Park Hospital Associates, L.P. is a resident of Warren County for venue purposes. We hold that under the circumstances of this case it is. The employment agreement entered into by the parties refers to "River Park Hospital Associates, L.P. of McMinnville, Tennessee." The limited partnership agreement says:

"The principal place of business of the partnership shall be located at 1510 Sparta Road, McMinnville, Tennessee 37110, or at such other place as the General Partner may from time to time designate by notice to the Limited Partners."

There is no indication in the record that the principal place of business has been changed. The agreement also reflects that the business to be conducted by the limited partnership shall be to acquire, own and operate the River Park Hospital in McMinnville.

 It is true that the general partner maintains an office in Davidson County, but the courts have held that venue for disputes involving a partnership should be at the partnership's principal place of business instead of at one partner's residence. *Southgate v. Linton*, 181 Tenn. 540, 181 S.W.2d 888 (1944). With respect to corporations and unincorporated associations, the Supreme Court has applied the same rule. *See Garland v. Seaboard Coastline R.R. Co.*, 658 S.W.2d 528 (Tenn.1983).

We note the absence of the registration certificate of River Park Hospital Associates, L.P., which is required for limited partnerships. *See* Tenn.Code Ann. §§ 61-2-902—908. The certificate would presumably shed some light on the question of the partnership's residence in Tennessee. However, the record does contain an affidavit of the River Park Hospital administrator who says that the partnership's only office is in Warren County, Tennessee, and it does not have any office, employees, or other presence in Davidson County.

The judgment of the court below is affirmed. The cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.