IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 25, 2010 Session

# PATSY FREEMAN, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF JOHN R. FREEMAN, DECEASED v. CSX TRANSPORTATION, INC., A FLORIDA CORPORATION ET AL.

### Appeal from the Circuit Court for Rutherford County
### No. 49982     J. Mark Rogers, Judge

### No. M2009-02403-COA-R3-CV - Filed November 3, 2010

The issues in this case are whether Tennessee's "common county rule" deprived the Rutherford County Circuit Court of subject matter jurisdiction and whether the court erred in assessing discretionary costs. This wrongful death action arises from a fatal vehicular accident in Normandy, Bedford County, Tennessee, in which the decedent's vehicle was stuck by a train owned by CSX Transportation, Inc. The mother of the decedent, in her individual capacity and as the personal representative of the decedent's estate, timely filed this action in the Circuit Court for Rutherford County against CSX and the conductor of the train. Over the next five years the parties conducted extensive discovery. On the first day of trial, the plaintiff voluntarily dismissed the case without prejudice. On the motion of the defendants, the Rutherford County Circuit Court assessed $34,098.27 in discretionary costs against plaintiff. In this appeal, plaintiff contends the Rutherford County Circuit Court lacked subject matter jurisdiction as a consequence of the common county rule, and that it erred in awarding discretionary costs. We have determined that the common county rule does not apply, the Rutherford County Circuit Court had subject matter jurisdiction, and that the court did not abuse its discretion in assessing discretionary costs of $34,098.27 against plaintiff after she voluntarily dismissed this action. Accordingly, we affirm the award of discretionary costs.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which RICHARD H. DINKINS, J., joined. PATRICIA J. COTTRELL, P.J., M.S., filed a dissenting opinion.

John W. Chandler, Jr., and Pamela R. O'Dwyer, Chattanooga, Tennessee, for the appellant, Patsy Freeman, Individually and as Administratrix of the Estate of John R. Freeman, Deceased.

John W. Baker, Jr., and Emily L. Herman-Thompson, Knoxville, Tennessee, for the appellees, CSX Transportation, Inc., a Florida corporation, and Mike E. Martin.

## OPINION

On the morning of April 22, 2003, the decedent, John R. Freeman, was driving on Front Street in Normandy, Bedford County, Tennessee, which crosses a railroad track owned and operated by CSX Transportation, Inc. As Mr. Freeman's vehicle approached the track, a CSX train conducted by Mike E. Martin was also approaching the intersection. Although Mr. Martin activated the train's warning lights and bells as it neared the crossing, Mr. Freeman proceeded onto the tracks and was struck broadside by the CSX train. He sustained very serious injuries as a result of the collision and later died as a result of these injuries. Thereafter, his mother, Patsy Freeman, was appointed administratrix of his estate.

On April 12, 2004, acting in her individual capacity and as administratrix of her son's estate, Patsy Freeman, ("Plaintiff") commenced this action in the Circuit Court of Rutherford County, Tennessee against two defendants, CSX and Mr. Martin ("Defendants"). The complaint alleged that the defendants acted negligently and violated various railroad safety statutes, and that these acts and violations resulted in the wrongful death of her son. Defendants denied all liability.

At all times relevant to this action, Plaintiff and defendant CSX, resided in Coffee County, Tennessee; while the other defendant, Martin, resided in Rutherford County, Tennessee.

Over the next five years, the parties vigorously litigated the case in the Rutherford County Circuit Court. Numerous depositions were taken, including those of several expert witnesses. On March 30, 2009, the trial court granted partial summary judgment to defendant CSX on several of Plaintiff's claims. At this same hearing, Plaintiff announced she intended to voluntarily dismiss all claims against defendant Martin. As Tenn. R. Civ. Pro. 41.04 requires, an order dismissing Martin was entered on April 6, 2009.

The remaining claims against CSX went to trial on April 27, 2009, at which time a jury was empaneled to try the case. The next morning, before the trial began, Plaintiff filed a Notice of Voluntary Non-Suit as to the remaining claims against defendant CSX. Shortly thereafter, on May 6, 2009, defendants Martin and CSX filed a motion to recover discretionary costs of $52,088.08 pursuant to Tenn. R. Civ. P. 41.04 and 54.04(2). Plaintiff filed a timely objection to Defendants' motion for discretionary costs.

On July 24, 2009, the trial court entered the order of voluntary dismissal of Plaintiff's remaining claims. In a separate order entered on the same day, the trial court granted a portion of the discretionary costs requested by Defendants. The award was reduced based on the court's findings that $17,989.81 of the $52,058.08 Defendants requested was not recoverable, including $11,662.00 in court reporter fees for pretrial hearings, $1,512.50 in videographer expenses for taping depositions, $636.50 in travel expenses for court reporters, and $4,178.81 in travel expenses for expert witnesses.[1] The judgment for discretionary costs was assessed against Patsy Freeman in her capacity as an individual plaintiff and in her capacity as administratrix of her son's estate.[2]

One month later, on August 19, 2009, the action was re-filed by Patsy Freeman in her capacity as personal representative, but not in her individual capacity, in the Circuit Court of Davidson County against the original defendants, CSX and Mr. Martin. Defendants then filed a motion to dismiss, asserting for the first time that Tennessee's "common county rule,"[3] codified at Tenn. Code Ann. § 20-4-101(b), localized venue and restricted subject matter jurisdiction to two counties, Coffee County, where Plaintiff and CSX both reside, or Bedford County, where the accident occurred. Plaintiff agreed with Defendants' venue and jurisdiction argument; as a result, the Davidson County Circuit Court action was dismissed without prejudice on March 25, 2010.

Soon after the dismissal of the Davidson County action, Patsy Freeman re-filed the action against both defendants in the Bedford County Circuit Court, the third county in which this action had been filed. In Bedford County, as in Davidson County, there was only one plaintiff: Patsy Freeman as the personal representative of the decedent's estate.[4]

In the interim, on August 21, 2009, Plaintiff filed a motion in the Rutherford County Circuit Court seeking to alter or amend the order granting discretionary costs pursuant to Tenn. R. Civ. P. 52.02 and 59.04.[5] Ms. Freeman asserted that costs should not have been

---

[1]Defendants did not appeal the trial court's decision to deny these costs.

[2]At that time, neither party challenged the jurisdiction of the Rutherford County Court.

[3]"If . . . the plaintiff and defendant both reside in the same county in this state, then the action shall be brought either in the county where the cause of action arose or in the county of their residence." Tenn. Code Ann. § 20-4-101(b).

[4]When this appeal came on for oral argument, counsel for the parties advised that the Bedford County action was still pending.

[5]The motion to amend was timely filed within thirty days of the entry of the July 24, 2009 Rutherford
(continued...)

assessed against her in her individual capacity because, she contends, she was never a real party in interest. She also asserted that the court erred in awarding discretionary costs because when the costs were assessed, she had re-filed the action and may ultimately prevail on the merits. The Rutherford County Circuit Court denied the motion to alter or amend, and a final order assessing discretionary costs in the amount of $34,098.27 against Patsy Freeman in her individual capacity and as personal representative of the decedent's estate was entered. This appeal followed.

## ANALYSIS

### I.

Whether the Rutherford County Circuit Court had subject matter jurisdiction to assess discretionary costs was never at issue before the trial court in Rutherford County.[6] Plaintiff did not raise this issue in the trial court, and a party who fails to bring an issue to the attention of the trial court will generally not be permitted to raise the issue for the first time on appeal. *See Barnhill v. Barnhill*, 826 S.W.2d 443, 458 (Tenn. Ct. App. 1991); *Pearman v. Pearman*, 781 S.W.2d 585, 587-88 (Tenn. Ct. App. 1989). Subject matter jurisdiction, however, is an exception to the general rule and "the issue of subject-matter jurisdiction can be raised in any court at any time." *Scales v. Winston*, 760 S.W.2d 952, 953 (Tenn. Ct. App. 1988); *see also* Tenn. R. App. P. 13(b). Thus, the issue of subject matter jurisdiction need not be raised in the trial court to be considered on appeal. *First American Trust Co. v. Franklin-Murray Dev. Co.,* 59 S.W.3d 135, 140-41 (Tenn. Ct. App. 2001).

Subject matter jurisdiction addresses a court's authority to adjudicate a dispute brought before it. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). It is dependent upon the nature of the controversy as well as the relief sought. *Id.* Judgments or orders entered by a court without subject matter jurisdiction are "void and bind no one." *Riden v. Snider*, 832 S.W.2d 341, 343 (Tenn. Ct. App. 1991) (citing *Brown v. Brown*, 281 S.W.2d 492, 501 (Tenn. 1955)). Additionally, the lack of subject matter jurisdiction "is so fundamental that it requires dismissal whenever it is raised and demonstrated" even if raised for the first time on appeal. *First American Trust Co.*, 59 S.W.3d at 141.

---

[5](...continued)
County order granting discretionary costs against Plaintiff.

[6]The parties stipulated that the Rutherford County Circuit Court lacked subject matter jurisdiction because Tennessee's common county rule limited venue and jurisdiction to Coffee County, where Plaintiff and Defendant CSX reside, or Bedford County, where the cause of action arose. We disagree as this opinion explains.

Venue, on the other hand, does not affect the court's authority to rule on matters before it; instead it relates "to the appropriateness of the location of the action." *Meighan v. U.S. Sprint Commc'n. Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). Objections to venue are waived if they are not raised in the answer to the complaint or before, Tenn. R. Civ. Pro. 12.02 & 12.08, and will not affect the subject matter jurisdiction of a court. *See Meighan*, 924 S.W.2d at 639.

Transitory actions are personal in nature and jurisdiction is usually proper in any county where a material defendant can be found. *Pack v. Ross*, 288 S.W.3d 870, 872 (Tenn. Ct. App. 2008) (citing *State ex rel. Logan v. Graper*, 4 S.W.2d 955, 956 (Tenn. 1927)). Venue in transitory actions ordinarily lies in "the county where the cause of action arose or in the county where the defendant resides or is found." Tenn. Code Ann. § 20-4-101(a). However, Tennessee's common county rule limits venue in transitory actions *if* "the plaintiff and defendant both reside in the same county in this state." Tenn. Code Ann. § 20-4-101(b). If that is the case, then "the action shall be brought either in the county where the cause of action arose or in the county of their residence."[7] *Id.*

The statutory common county rule, however, does not apply in transitory actions involving multiple defendants where not all of the material defendants reside in the same county as the plaintiff and *none of the material defendants reside in the county where the cause of action arose*. This is due to the fact that "Tenn. Code Ann. § 20-4-101(b) does not by its terms apply to multiple parties, . . ." *Winters v. Healthtrust, Inc.*, 836 S.W.2d 584, 585 (Tenn. Ct. App. 1992). As noted in *Winters*, this is apparent from a literal reading of the statute, which reads in pertinent part: "the plaintiff and defendant both reside in the same county in this state." *Id.* (quoting Tenn. Code Ann. § 20-4-101(b)). "Although Tenn. Code Ann. § 20-4-101(b) does not by its terms apply to multiple parties, our Supreme Court has applied it in cases where the plaintiff and one of several defendants reside in the same county and the cause of action arose there." *Id.* (citing *Tims v. Carter*, 241 S.W.2d 501, 503 (Tenn. 1951)). Therefore, the rule does apply in cases involving multiple defendants *if* the plaintiff and at least one material defendant reside in the same county *and* that county is where the cause of action accrued. *Tims*, 241 S.W.2d at 503; *Ward v. National Healthcare Corporation*, No. M2007-00231-COA-R9-CV, 2007 WL 3446340, at *2 (Tenn. Ct. App. Nov. 15, 2007); *Winters*, 836 S.W.2d at 585.

---

[7]The Tennessee Supreme Court has determined that this statute transforms otherwise transitory actions into "local actions," which must be brought "in the county of the subject-matter." *Pack,* 288 S.W.3d at 872. In other words, the localization of venue "creates subject matter jurisdiction restrictions on our courts." *Id.*; *see also Curtis v. Garrison*, 364 S.W.2d 933, 936 (Tenn. 1963) (Tennessee courts "have no jurisdiction of local actions brought in the wrong county and consent cannot give jurisdiction.").

A thorough and historical review of the common county rule is stated in *Tims v. Carter*. 241 S.W. at 502-03. In that action, the minor son of the plaintiffs died as a result of a vehicular accident that occurred in Madison County, Tennessee. *Id.* at 501. The plaintiffs, who resided in Madison County, filed suit in the Circuit Court of Davidson County against three defendants, none of whom resided in Davidson County. *Id.* at 501-02. One of the material defendants was a resident of Gibson County; the other two material defendants were residents of Madison County, the county where the cause of action arose and where the plaintiffs resided. *Id.* at 502.

When the defendants challenged venue and the jurisdiction of the Davidson County court, the Circuit Court of Davidson County dismissed the suit upon a finding that it did not have venue due to the residences of the parties. *Id.* On appeal, the Supreme Court analyzed the effect of Code Sections 8640, 8641 and 8751(4), the predecessors to Tenn. Code Ann. § 20-4-101 that were in force at that time. *Id.* Code Section 8640 provided that: "'In all transitory actions, the right of action follows the person of the defendant, unless otherwise expressly provided.'" *Id*. Code Section 8641 stated: "'If the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence.'" *Id*. Code Section 8751(4) provided: "'Actions may be abated by plea of the defendant in the following cases: Where the plaintiff and defendant both reside, at the time suit is brought, in the same county, and the action is instituted in another county.'" *Id*.

After noting the respective residences of the parties, the Court found that:

[Section 8641] provides that if the plaintiff and the defendant live in the same county the action must be in the county of their residence. It is thus evidence that the intention of the Legislature was to provide that *when both parties, plaintiff and defendant*, lived in the same county that the action should be brought in that county for obvious and often expressed reasons.

*Id*. (emphasis added). The Court then explained that the common law rule grew into the statutory scheme found in Code Sections 8640 and 8641, because: "'These provisions evince a legislative purpose to localize transitory actions. *If both parties reside in the county the action must be brought there and tried in courts convenient to litigants and witnesses.* Otherwise the action follows the defendant.'" *Id*. (quoting *Haynes v. Woods*, 268 S.W. 632, 633 (Tenn. 1925)) (emphasis added). We note with emphasis, however, that the above citations focus on the fact there are two parties, one plaintiff and one defendant, and both parties resided in the same county.

In the case at bar, we do not have one material defendant, we have two, which fact distinguishes our case from the statutory scheme and historical references cited in *Tims*.

Moreover, what we find most significant in *Tims* is that, after considering the history of the rule, the Court reasoned that "where the plaintiff and a material defendant or defendants reside in the same county, *this county being the county where the cause of action accrued*, then the county of the residences of these parties should be the county of action for venue purposes." *Id*. at 503 (emphasis added). We fully agree with the *Tims* holding based on the facts of that case; our facts, however, are materially different because none of the parties reside in the county where the cause of action arose.

After considering the reasoning in *Tims*, and the fact that "Tenn. Code Ann. § 20-4-101(b) does not by its terms apply to multiple parties," *Winters*, 836 S.W.2d at 585, we have determined that the common county rule codified in Tenn. Code Ann. § 20-4-101(b) does not localize this transitory action. While Plaintiff and one of the defendants reside in the same county, there are two material defendants, each of whom resides in a different county, and none of the parties reside in the county where the cause of action arose. Thus, this action would not be localized under any reading of the statute or the case law. Because this action was not localized, the Rutherford County Circuit Court was not deprived of subject matter jurisdiction. *See Meighan,* 924 S.W.2d at 639 (holding that venue does not affect the court's authority to rule on matters before it).

An objection on the ground of venue could have been asserted by either defendant in Rutherford County; however, neither defendant raised the issue in that court. Thus, it was waived. *See* Tenn. R. Civ. P. 12.08 & 12.02.

For the reasons stated above, we have determined that the Circuit Court for Rutherford County had subject matter jurisdiction over this action.

II.

After Plaintiff filed her Notice of Voluntary Non-Suit as to all remaining claims in Rutherford County, Defendants filed a motion pursuant to Tenn. R. Civ. P. 41.04[8] and 54.04(2)[9] to recover discretionary costs of $52,088.08. Plaintiff filed a timely objection.

---

[8]Tenn. R. Civ. Pro. 41.04 provides:

If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the Court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the new action until the plaintiff has complied with the order.

[9]Tenn. R. Civ. Pro. 54.04(2) provides in relevant part:

(continued...)

Thereafter, the Rutherford County Circuit Court awarded $34,098.27 in discretionary costs against Plaintiff in her individual capacity and as the personal representative of the estate. On appeal, Plaintiff asserts this was an abuse of discretion.

Plaintiff presents a three-pronged challenge to the propriety of the award. First, she argues the award was premature because, prior to the award of discretionary costs, Plaintiff announced her intention to re-file the action and, as a consequence, could ultimately prevail. In that case, Plaintiff would be entitled to recover discretionary costs instead of Defendants. Second, she argues that some of the costs awarded were not "reasonable and necessary." Last, Patsy Freeman asserts that, as an individual, she was not a "real party in interest;" therefore, the court erred in assessing the discretionary costs against her personally.

A "prevailing party" may request discretionary costs, such as "reasonable and necessary court reporter expenses for depositions or trials, [and] reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials." Tenn. R. Civ. P. 54.02(2). The purpose of awarding discretionary costs is to help "make the prevailing party whole," not to punish the losing party. *Owens v. Owens*, 241 S.W.3d 478, 496-497 (Tenn. Ct. App. 2007).

When deciding whether to award discretionary costs under Rule 54.04(2), the trial court should:

> (1) determine whether the party requesting the costs is the "prevailing party,"
> (2) limit awards to the costs specifically identified in the rule,
> (3) determine whether the requested costs are necessary and reasonable, and
> (4) determine whether the prevailing party has engaged in conduct during the litigation that warrants depriving it of the discretionary costs to which it might otherwise be entitled.

---

[9](...continued)

Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials. . . . Subject to Rule 41.04, a party requesting discretionary costs shall file and serve a motion within thirty (30) days after entry of judgment. The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal. The court may tax discretionary costs at the time of voluntary dismissal. In the event an appeal results in the final disposition of the case, under which there is a different prevailing party under the trial court's judgment, the new prevailing party may request discretionary costs by filing a motion in the trial court.

*Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35-36 (Tenn. Ct. App. 2002) (citations omitted). The burden is on the movant to convince the trial court that it is entitled to discretionary costs, *Carpenter v. Klepper*, 205 S.W.3d 474, 490 (Tenn. Ct. App. 2006); however, as a general matter, courts should "award discretionary costs to a prevailing party if the costs are reasonable and necessary and if the prevailing party has filed a timely and properly supported motion." *Mass. Mut.*, 104 S.W.3d at 35.

Rule 54.04(2) costs expressly address themselves to the sound discretion of the trial court. *Stalworth v. Grummins*, 36 S.W.3d 832, 835 (Tenn. Ct. App. 2000). Accordingly, trial courts are free to apportion the costs between the parties as "the equities of each case demand." *Sanders v. Gray*, 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998). Therefore, on appeal, this Court will not substitute our own discretion for that of the trial court. *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000). We will only overturn a discretionary decision when the trial court has applied an incorrect legal standard, reached an illogical decision, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party. *Mass. Mut.*, 104 S.W.3d at 35. The appellant bears the burden of demonstrating that the award constitutes an abuse of discretion by the trial court. *Sanders*, 989 S.W.2d at 345.

The trial court found that Defendants were the prevailing parties because Plaintiff voluntarily dismissed all of her claims against both defendants. Plaintiff asserts this was error because she had announced her intent to re-file the action and later did re-file the action, although in another county. As a consequence, Plaintiff asserts, she could ultimately become the prevailing party, and to assess costs against her before the ultimate resolution of her claims was premature. We find this argument without merit.

Tenn. R. Civ. P. 54.04(2) specifically states, "[t]he court may tax discretionary costs *at the time of* voluntary dismissal" (emphasis added). The advisory comments also provide that the 1993 Amendment to Rule 54 was specifically enacted so that discretionary costs could be assessed *before* the plaintiff re-files her suit. Tenn. R. Civ. P. 54.04(2), advisory cmt. to 1993 amendment.[10] Further, Tennessee courts have held that a defendant is a prevailing party when a plaintiff voluntarily dismisses her suit, *see JPMorgan Chase Bank*

---

[10]The Advisory Comment to the 1993 Amendment provides in pertinent part:

> If the plaintiff takes a voluntary nonsuit, Rule 41.04 gives the trial judge discretion to require payment of costs upon recommencement of the action. Revised Rule 54.04 would permit assessment of costs *at an earlier date*, assuming the defendant submits and the court enters an order formally dismissing the case pursuant to plaintiff's nonsuit. A motion for discretionary costs in that instance must be made within thirty days of entry of the order. (emphasis added).

*v. Franklin Nat'l Bank*, No. M2005-02088-COA-R3CV, 2007 WL 2316450, at *8 (Tenn. Ct. App. Aug. 13, 2007), regardless of whether the plaintiff has re-filed her suit, or intends to. *Estate of Burkes v. St. Peter Villa, Inc.* No. W2006-02497-COA-R3-CV, 2007 WL 2634851, at *7 (Tenn. Ct. App. July 17, 2007) (Requiring the trial court to determine whether the plaintiff can or will re-file her claims is "patently unworkable and requires the trial judge to either make decisions on issues not before the court or be clairvoyant."). Rule 54 also specifically states that if the party against whom the costs are originally assessed ultimately becomes the prevailing party, they can seek to recover the discretionary costs they previously paid. Tenn. R. Civ. Pro. 54.04(2).

Defendants sought to recover discretionary costs in the amount of $52,088.08; the trial court limited the recovery to $34,098.27. Plaintiff asserts that some of these costs were not "reasonable and necessary." The discretionary costs awarded include $12,850.19 for expert witness expenses and $21,248.08 for costs associated with court reporters and deposition transcriptions.

The record reveals the trial court correctly limited the award to costs specifically identified in Rule 54.04(2) and denied costs that were not, including $17,989.81 of costs in videographer fees, travel expenses for expert witnesses, and travel expenses for court reporters. Thus, the question is whether the costs awarded were reasonable and necessary; Plaintiff insists some were not.

Defendants' motion for discretionary costs was supported by detailed affidavits and receipts listing the expenses incurred. The trial court's order granting discretionary costs lists the rich sources of argument it used to evaluate the reasonableness and necessity of the costs: "Motion of Defendants, . . . Response of Plaintiff, . . . and Objection of Plaintiff, . . . Affidavits, argument of counsel, . . . the entire record," and found that the costs Plaintiff specifically objected to were a legitimate part of the defense strategy.

With respect to the fourth factor in *Massachusetts Mutual*, whether the prevailing party has engaged in conduct during the litigation that warrants depriving it of the discretionary costs to which it might otherwise be entitled, Plaintiff do not contend that Defendants engaged in any such conduct. *Mass. Mut. Life Ins. Co.*, 104 S.W.3d at 35-36.

Patsy Freeman, in her individual capacity, presents one additional issue concerning discretionary costs: the discretionary costs should not have been assessed against her in her individual capacity because, she contends, she was not a "real party in interest." We find her argument is in direct conflict with our holding in *Shofner v. Red Food Stores*, 970 S.W.2d 468, 470 (Tenn. Ct. App. 1997). Like here, the action in *Shofner* was commenced and maintained by a plaintiff who brought her claims in two capacities: as an individual and as

the personal representative of the decedent's estate. *Id.* When the trial court subsequently assessed costs against her in both capacities, Ms. Shofner appealed, arguing the costs should not have been assessed against her individually. On appeal, this court found the trial court did not abuse its discretion in assessing costs against the plaintiff in her individual capacity because she maintained the suit in her individual capacity. *Shofner*, 970 S.W.2d at 470. Applying the same reasoning as in *Shofner*, we find the trial court did not abuse its discretion in assessing the costs against Patsy Freeman individually and as the personal representative of the decedent's estate.[11]

In summary, we have determined the trial court's decision to award discretionary costs was the product of a reasoned and thorough examination of the costs requested under the circumstances; therefore, we affirm the assessment of $34,098.27 in discretionary costs against Patsy Freeman individually and as personal representative of the decedent's estate.

## CONCLUSION

The judgment of the Circuit Court for Rutherford County is affirmed in all respects and costs of appeal are assessed against Patsy Freeman in her individual capacity and as personal representative of the decedent's estate.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[11]In the case at bar, we also note that the trial court emphasized the fact that the two plaintiff received the benefit of four additional peremptory challenges, four for Patsy Freeman in her individual capacity and four more in her capacity as the personal representative.