IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Briefs August 2, 2012

## IN THE MATTER OF: JAYLEN J. (d.o.b. 10/1/08)
## and JUSTIN A. (d.o.b. 12/1/05)

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT 00180211      John R. McCarroll, Jr., Judge**

**No. W2011-02347-COA-R3-JV - Filed August 21, 2012**

This appeal arises from a dependency and neglect petition originally filed by the Department of Children's Services in the Juvenile Court for Shelby County in May 2010. We dismiss the matter  for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

James Franklin, Jr., Bartlett, Tennessee, for the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter and Lindsey O. Appiah, Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

**MEMORANDUM OPINION[1]**

On May 24, 2010, the Tennessee Department of Children's Services ("DCS") filed a petition to adjudicate dependency and neglect and for a restraining and no contact order against Appellant in the Juvenile Court for Shelby County. In its petition, DCS asserted the

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

minor children Jaylen J., born October 2008, and Justin A., born December 2005, were dependent and neglected under Tennessee Code Annotated § 37-1-102. In its petition, DCS asserted it had received a referral with allegations of severe abuse of Justin and Jaylen's sibling, Saniiyah K. DCS asserted that, on May 10, 2010, police responded to a call at the family's address, and pronounced Saniiyah, age two years and 9 months, dead on the scene. DCS asserted that Saniiyah's mother ("Mother"), who is also the mother of Justin and Jaylen, had been arrested and that Appellant, who is the father of Jaylen, was arrested on charges of murder, perpetration of severe child abuse, and neglect. DCS further asserted that Mother had been bonded out of jail and was residing in Mississippi, and that Justin and Jaylen were residing with their maternal grandmother ("Grandmother"). DCS sought a finding of severe child abuse pursuant to Tennessee Code Annotated § 37-1-102(b); a finding of dependency and neglect; an immediate protective custody order placing the children within the protective custody of the court; and placement of the children with Grandmother. DCS further sought a restraining order and no contact order against Appellant.

The juvenile court issued a protective custody order; ordered the children to be placed in Grandmother's custody; appointed a guardian ad litem; and appointed separate legal counsel for Mother and Appellant. On June 1, 2010, Appellant moved for an injunction restraining DCS from communicating with him, asserting that he had been charged with first degree murder and invoking his Fifth Amendment right against self-incrimination. Appellant also filed a motion for discovery. Following a preliminary hearing, on June 7, 2010, the juvenile court magistrate awarded temporary custody and guardianship of the children to Grandmother; awarded temporary, supervised visitation privileges to Mother; and ordered that Appellant have no contact with the children. The magistrate's recommendations were confirmed by the juvenile court on May 27, 2010. Mother filed an answer to DCS's petition on June 4, 2010. In her answer, Mother denied allegations of abuse or neglect pertaining to her, and prayed for an order dismissing the petition and awarding custody to her. The juvenile court appointed a Court Appointed Special Advocate ("CASA") on June 25, 2010.

Following discovery, the matter was heard by a juvenile court magistrate on March 3, 2011. The magistrate found that Appellant was incarcerated and awaiting trial on charges of first degree murder of Saniiyah; that Mother was awaiting trial on charges of aggravated child abuse; that the autopsy of Saniiyah revealed that abuse was not limited to a single occurrence; and that Mother and Appellant presented a substantial risk of harm to any child left in their care. The magistrate recommended that the children be removed from Mother and Appellant, and placed in Grandmother's custody. The findings and recommendations were confirmed by the juvenile court on March 14, 2011, and the court's judgment was entered on March 18, 2011.

On March 25, 2011, Appellant requested a hearing before the juvenile court judge and

-2-

Mother filed a notice of appeal to the circuit court, naming DCS as the "opposing party." Following a status conference with Mother's counsel and counsel for DCS, the matter was set to be heard by the circuit court on August 12, 2011. On August 11, 2011, Appellant filed a document styled "Answer of [Appellant] to the Petition for Dependency and Neglect filed by the Tennessee Department of Children's Services." Mother filed an Answer to the Petition on August 12, 2011. The matter was heard by the circuit court on August 12, 2011. On August 25, 2011, the juvenile court filed-stamped an order dated and signed by the special judge on August 11, 2011, dismissing Appellant's March 25 petition for a hearing before the judge upon finding that Appellant had failed to appear.[2] On September 6, 2011, the circuit court entered judgment sustaining the petition for dependency and neglect; awarding Mother supervised visitation; and ordering that Appellant have no contact with the children. Appellant filed a notice of appeal to this Court. Mother did not appeal the judgment of the circuit court.

On appeal to this Court, Appellant asserts that the circuit court's finding of dependency and neglect is not supported by clear and convincing evidence. Appellant also asserts that the circuit court proceeded without subject matter jurisdiction where the juvenile court did not enter final judgment in the matter until August 25, 2011.

We turn first to Appellant's assertion that the circuit court lacked subject matter jurisdiction to enter a judgment against him. Subject matter jurisdiction concerns the court's authority to adjudicate a matter and cannot be waived. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citation omitted). The question of subject matter jurisdiction may be raised at any time in any court. *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 176 (Tenn. Ct. App. 2010)(citations omitted).

---

[2]Upon preliminary review of this matter, we found that it did not appear from the record transmitted to this Court that the juvenile court had adjudicated Appellant's petition for a rehearing before the judge. On December 1, 2011, we issued an order requiring the parties to supplement their briefs to address, *inter alia*, whether the circuit court had jurisdiction to hear the matter and whether Appellant had waived his right to a rehearing in the juvenile court. On January 13, 2012, we issued a show cause order directing Appellant to show cause why this appeal should not be dismissed for failure to comply with our December 1, 2011, order. On February 22, 2012, Appellant's counsel filed a response, asserting that counsel did not receive either our December 2011 or January 2012 orders and seeking additional time to comply. On March 5, 2012, we granted Appellant's request. On March 28, 2012, DCS filed a motion for an order directing the Clerk of the Shelby County Juvenile Court to supplement the record with the juvenile court's order dismissing Appellant's petition for a hearing before the judge. We granted the motion on March 29, 2012. The juvenile court's order dismissing Appellant's petition for a hearing before the judge for failure to appear was received in this Court on April 11, 2012. On May 18, 2012, we entered an order requiring Appellant to show cause why the appeal should not be dismissed for failure to comply with our prior orders to supplement his brief to address jurisdictional issues. Appellant filed his brief on June 13, 2012.

We agree with Appellant that the circuit court did not have subject matter jurisdiction to enter judgment against him in this case where the juvenile court had not disposed of Appellant's petition for a hearing before the judge prior to the hearing of the matter in the circuit court. We also agree with DCS that, following Appellant's argument to its logical conclusion, we lack jurisdiction to address the remaining issues raised on appeal. Upon review of the record before us, it appears that only Mother filed a notice of appeal to the circuit court following entry of the juvenile court's March 2011 judgment. It appears that Appellant did not file a notice of appeal of the juvenile court's March 2011 judgment, but filed only a petition for a hearing before the juvenile court judge. That petition was dismissed by the juvenile court by order entered on August 25, 2011. The record before us does not contain a notice of appeal to the circuit court by Appellant following the juvenile court's order of August 25, 2011, and Appellant's Statement of the Case references none. It appears from the record that Appellant simply failed to appeal the juvenile court's judgment. Absent a timely filed notice of appeal by Appellant to the circuit court pursuant to Tennessee Code Annotated § 37-1-159(a), the circuit court lacked subject matter jurisdiction and the juvenile court's judgment became final ten days after entry of its August 25, 2011, order dismissing Appellant's petition.

### *Holding*

In light of the foregoing, this appeal is dismissed. Costs of this appeal are taxed to the Appellant.

_____
DAVID R. FARMER, JUDGE

-4-