# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### September 19, 2012 Session

## IN RE: DYLAN P. (d.o.b. 05/18/05)

**Direct Appeal from the Circuit Court for Putnam County**
**No. 10N0345   Amy V. Hollars, Judge**

**No. M2012-00639-COA-R3-JV - Filed November 21, 2012**

The trial court determined that the minor children in this case were dependent and neglected upon finding that one of the children was the victim of severe child abuse. Mother appeals. We dismiss for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, joined.

Samuel J. Harris, Cookeville, Tennessee, for the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter, Shanta J. Murray, Assistant Attorney General, for the appellee, State of Tennessee, Department of Children's Services.

## MEMORANDUM OPINION[1]

This appeal arises from a dependency and neglect action originally filed by the Department of Children's Services ("DCS") in the Juvenile Court for Putnam County on July 27, 2009. Mother is the mother of Dylan P. (born 5/18/05); Benjamyn W. (born 3/12/03); and Mackenzie W. (born 11/16/95). Father is the father of Dylan P. and Katelyn P. (born 10/31/93). In its petition, DCS sought a declaration that the children were dependent and

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

neglected and sought a restraining order or, in the alternative, temporary legal custody. DCS asserted that it had received a referral from Father on July 23, 2009, alleging sexual abuse of four-year old Dylan by his half-brother, six-year old Benjamyn. DCS further asserted that a forensic interview of Benjamyn conducted on July 24, 2009, disclosed sexual abuse of Benjamyn by Mother. DCS stated that Mackenzie had been living with her father in Indiana since August 2008, and alleged that the children were subject to an immediate threat of harm by Mother. DCS averred that it was in the children's best interest to remain in the home with Father under a stringent protective supervision plan and a no contact/restraining order against Mother. On July 27, 2009, the juvenile court issued an *ex parte* emergency restraining order against Mother, forbidding her to have any contract with the children. The juvenile court placed the children in the physical custody of their respective fathers. The juvenile court also ordered the children's fathers to not allow Mother to have any contact with the children, and to report any contact or attempted contact by Mother to DCS. Benjamyn and Mackenzie have since remained in the custody of their father in Indiana.

On August 25, 2010, DCS filed a motion for emergency temporary legal custody after a welfare check of the family home by the Putnam County Sheriff's Department revealed Mother was present in the home in violation of the juvenile court's no contact/restraining order. The juvenile court granted the motion the same day. An adjudicatory and dispositional hearing was held in the juvenile court on November 30, 2010. Mother and Father were represented in the juvenile court by separate appointed legal counsel. On December 15, 2010, the juvenile court entered an order finding the children dependent and neglected and granting the State temporary custody of Dylan and Katelyn. In its order, the juvenile court stated that, in accordance with Rule 36(e) of the Tennessee Rules of Juvenile Procedure, the order was final as to Mother and Father, and that any appeal to the circuit court must be made within ten days.

Following a hearing *de novo* on January 10, 2012, the Circuit Court for Putnam County found by clear and convincing evidence that Benjamyn is the victim of severe child abuse perpetrated by Mother and that the children were dependent and neglected as defined by Tennessee Code Annotated § 37-1-102(b)(12). The circuit court entered its judgment on March 23, 2012. Mother filed a premature notice of appeal to this Court on February 17, 2012.[2] Father did not appeal the circuit court's judgment.

On appeal, Mother raises three evidentiary issues for our review. Before turning to the issues presented, however, we first must determine whether we have subject matter jurisdiction to adjudicate this matter. Subject matter jurisdiction concerns the court's

---

[2]Katelyn attained the age of majority during the pendency of this matter and is no longer in State custody.

authority to adjudicate a matter. *In re Estate of Trigg*, 368 S.W.3d 483, 489 (Tenn. 2012). It is conferred by statute and by the constitution, and cannot be waived or conferred by the parties by silence, consent, or plea. *Id.* An order of a court acting without subject matter jurisdiction is void. *Id.* The question of subject matter jurisdiction may be raised at any time in any court. *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 176 (Tenn. Ct. App. 2010)(citations omitted). The issue may be raised *sua sponte* by the courts. Tenn. R. App. P. 13(b); *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998). Appellate courts, moreover, are required to consider whether it and the trial court have subject matter jurisdiction whether or not the issue is raised by the parties. Tenn. R. App. P. 13(b).

It appears from the record that, on December 8, 2010, Father filed a notice of appeal of the juvenile court's judgment to the circuit court. Upon review of the record, however, we find no notice of appeal of the juvenile court's judgment to the circuit court filed by Mother. In the statement of the case contained in Mother's brief to this Court, Mother asserts, "[t]he [P's] appealed the ruling [of the juvenile court] to the Circuit Court of Putnam County, Tennessee[,]" but does not state where her notice of appeal may be found in the record. The notice of appeal cited by DCS in its brief is Father's notice of appeal to the circuit court.

Upon review of the record, it appears that Mother simply failed to appeal the juvenile court's judgment. Absent a timely-filed notice of appeal by Mother to the circuit court pursuant to Tennessee Code Annotated § 37–1–159(a), the circuit court lacked subject matter jurisdiction to adjudicate Mother's appeal. The juvenile court's judgment became final with respect to Mother ten days after entry of the juvenile court's December 15, 2010, order. We accordingly do not have jurisdiction to adjudicate this matter.

### *Holding*

In light of the foregoing, we dismiss this matter for lack of subject matter jurisdiction. Costs of this appeal are taxed to the Appellant.

_____
DAVID R. FARMER, JUDGE