IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 22, 2018 Session

## KIM RENAE NELSON v. LORING E. JUSTICE

**Appeal from the Juvenile Court for Roane County**
**No. 16002      Don R. Ash, Senior Judge**

_____

### No. E2017-01546-COA-R3-JV

_____

After entering an order granting Mother sole residential custody and providing Father restricted parenting time, the trial court awarded Mother discretionary costs in the amount of $45,238.85.  Father appeals the trial court's award of discretionary costs.  Because Father failed to prove that the trial court abused its discretion, we affirm the award of discretionary costs.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Linn M. Guerrero Justice and B. Chadwick Rickman, Knoxville, Tennessee, for the appellant, Loring E. Justice.

Cecilia Petersen and David Lawrence Valone, Knoxville, Tennessee, and Martha Meares, Maryville, Tennessee, for the appellee, Kim Renae Nelson.

**OPINION**

I. FACTUAL AND PROCEDURAL BACKGROUND

Kim Renae Nelson ("Mother") and Loring E. Justice ("Father") are the parents of one child, Noah (born February 2005).  The parties have been in litigation since before Noah was born regarding multiple issues including paternity, the primary residential parent, and child support in proceedings filed in the Juvenile Court for Roane County. On April 11, 2017, the trial court entered an order that included a parenting plan awarding Mother sole residential custody and granting Father restricted parenting time

with a schedule for gradually increasing Father's parenting time. Father appealed this order on April 17, 2017.[1]

On May 10, 2017, Mother filed a motion pursuant to Tenn. R. Civ. P. 54.04 requesting that the trial court award her discretionary costs in the amount of $83,570.90. Mother itemized these costs in her motion as follows: (1) Dr. Thomas Hanaway $2,365; (2) Dr. Salmaan Toor $1,870; (3) Dr. Vey Nordquist $17,000; (4) Dr. Ed Workman $2,000; (5) Dr. James Murray $20,000; (6) Jeff Rusk, court reporter $40,160.90; and (7) Jim Parks, court reporter $175.

The trial court scheduled a telephonic hearing on Mother's motion for July 5, 2017. Father filed an objection to the trial court hearing the motion via telephone, arguing he was entitled to present evidence at "an oral, in-person hearing." Father then filed a response to Mother's motion arguing that, among other things, Mother sought to recover fees not recoverable under Rule 54.04 and the court had already awarded her some of the fees requested.

The trial court overruled Father's objection and heard Mother's motion via telephone on July 5, 2017. In an order entered on July 24, 2017, the court concluded that due process did not require an evidentiary hearing before addressing a motion for discretionary costs. The court noted, however, that "four in-person hearing dates—June 13, June 15, June 16 and June 21—were offered to [Father]; he declined." After concluding that Mother, as the prevailing party, had timely filed a properly-supported motion, the trial court awarded her $45,238.85 in discretionary costs. The court declined to award Mother the remaining costs she sought, finding that they were either duplicative or not recoverable under Rule 54.04. Father timely appealed.

Father raises two issues on appeal. We restate them as follows: (1) whether the trial court denied him due process by not conducting an in-person, evidentiary hearing and (2) whether the trial court abused its discretion in awarding discretionary costs to Mother.

## II. ANALYSIS

### A. Telephonic, Non-Evidentiary Hearing on Discretionary Costs

Father first contends that the trial court denied him procedural due process because it held a telephonic, non-evidentiary hearing on Mother's motion for discretionary costs. Specifically, Father argues that due process required the trial court to conduct an in-person, evidentiary hearing before awarding Mother discretionary costs.

---

[1] We address Father's challenges to the trial court's April 11, 2017 order in a separate opinion filed contemporaneously with this one in appeal no. E2017-00895-COA-R3-CV.

The Fourteenth Amendment to the United States Constitution and Article I, Section 8 of the Tennessee Constitution provide that the government may not deprive an individual of life, liberty, or property without due process of law. *Heyne v. Metro. Nashville Bd. of Pub. Educ.*, 380 S.W.3d 715, 731 (Tenn. 2012). A fundamental requirement of due process is "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 732 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). In regard to evidentiary hearings and their connection to due process, the United States Supreme Court has stated:

> The judicial model of an evidentiary hearing is neither a required, nor even the most effective, method of decisionmaking in all circumstances. The essence of due process is the requirement that "a person in jeopardy of serious loss (be given) notice of the case against him and opportunity to meet it." *Joint Anti-Fascist Comm. v. McGrath*, 341 U.S., at 171-172, 71 S.Ct., at 649. (Frankfurter, J., concurring). All that is necessary is that the procedures be tailored, in light of the decision to be made, to "the capacities and circumstances of those who are to be heard," *Goldberg v. Kelly*, 397 U.S., at 268-269, 90 S.Ct., at 1021 (footnote omitted), to insure that they are given a meaningful opportunity to present their case.

*Mathews*, 424 U.S. at 348-49. Thus, an evidentiary hearing is not always required to satisfy due process.

Father fails to cite to any authority supporting his contention that due process requires an evidentiary hearing before awarding discretionary costs, and this court is aware of no such authority. Moreover, the trial court offered Father the following four hearing dates to argue the motion "in person": June 13, 2017, June 15, 2017, June 16, 2017, and June 21, 2017. He declined all four of the offered dates. After Father declined these dates, the trial court advised him that he could submit affidavits in response to Mother's motion for discretionary costs. The trial court then held a hearing on Mother's motion via telephone.

In light of the foregoing, we conclude that the trial court provided Father a meaningful opportunity to be heard regarding Mother's motion for discretionary costs.

B. Award of Discretionary Costs

Father next asserts that the trial court abused its discretion in awarding Mother discretionary costs because an "overwhelming portion" of the costs were not recoverable under Tenn. R. Civ. P. 54.04(2) and some of the costs had already been awarded to Mother. When a party prevails at trial, he or she may request an award of discretionary costs. *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 179 (Tenn. Ct. App. 2010). Tennessee Rule of Civil Procedure 54.04(2) defines discretionary costs as "reasonable

and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees not paid pursuant to Tennessee Supreme Court Rule 42, and guardian ad litem fees." Courts award discretionary costs "to make the prevailing party whole," rather than "to punish the losing party." *Owens v. Owens*, 241 S.W.3d 478, 497 (Tenn. Ct. App. 2007).

The party seeking discretionary costs bears the burden of proving to the trial court that he or she is entitled to them. *Freeman*, 359 S.W.3d at 179. Generally, courts should "award discretionary costs to a prevailing party if the costs are reasonable and necessary and if the prevailing party has filed a timely and properly supported motion." *Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35 (Tenn. Ct. App. 2002). When deciding whether to award discretionary costs pursuant to Rule 54.04(2), a trial court should:

> (1) determine whether the party requesting the costs is the "prevailing party," (2) limit awards to the costs specifically identified in the rule, (3) determine whether the requested costs are necessary and reasonable, and (4) determine whether the prevailing party has engaged in conduct during the litigation that warrants depriving it of the discretionary costs to which it might otherwise be entitled.

*Id.* at 35-36 (footnotes omitted).

An award of discretionary costs is within the sound discretion of the trial court. *Freeman*, 359 S.W.3d at 180. We will not second-guess the trial court's decision to award discretionary costs absent an abuse of discretion. *Mass. Mut. Life Ins. Co.*, 104 S.W.3d at 35. An abuse of discretion occurs when a trial court "applies an incorrect legal standard, reaches a decision that is illogical, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *Id.* Under the abuse of discretion standard of review, appellate courts may not "substitute their discretion for that of the trial court." *Id.* On appeal, the party challenging an award of discretionary costs bears the burden of proving the trial court abused its discretion. *Freeman*, 359 S.W.3d at 180.

The trial court found that Mother was the prevailing party because she established that Father was the father of the child, convinced the court to designate her the primary residential parent, and proved that Father engaged in conduct that necessitated limiting his residential parenting time. The trial court then examined the specific costs Mother sought to recover as discretionary costs and determined that some of the expert witness fees Mother sought were not recoverable under Rule 54.04(2) because they were not incurred "'for depositions (or stipulated reports) and for trials[.]'" (quoting TENN. R. CIV. P. 54.04(2)). The court found the following expert witness fees necessary, reasonable, and contemplated by Rule 54.04(2): (1) Dr. Thomas Hanaway $1,000; (2)

- 4 -

Dr. Salmaan Toor $700; and (3) Dr. Vey Nordquist $7,500. After finding that Mother had already been awarded Dr. Workman's fee as a sanction against Father in the April 11, 2017 order, the court declined to award that fee as a discretionary cost. The court also declined to award Mother Dr. James Murray's $20,000 fee because she failed to establish that his services were recoverable under Rule 54.04(2).

The trial court next examined Mother's request for court reporter fees and found the following fees were necessary, reasonable, and contemplated by Rule 54.04(2): Jeff Rusk, court reporter $36,038.85. The court explained that it declined to award Mother the remaining court reporter fees she sought because it had already awarded her those fees in its April 11, 2017 order.

After completing this analysis, the court found that Mother had not engaged in conduct to justify depriving her of discretionary costs and awarded her discretionary costs in the amount of $45,238.85. The trial court clearly limited Mother's recovery of discretionary costs to fees recoverable under Rule 54.04(2) and declined to award her fees she had already recovered. Accordingly, Father failed to prove that the trial court abused its discretion. We affirm the trial court's award of $45,238.85 in discretionary costs to Mother.

## III. CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Loring E. Justice, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

- 5 -