IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 10, 2024

**TERRANCE REESE v. FRANK STRADA, WARDEN**

**Appeal from the Circuit Court for Trousdale County**
**No. 2022-CV-4983  Michael Wayne Collins, Judge**
_____

**No. M2023-00961-CCA-R3-HC**
_____

Terrance Reese,[1] Petitioner, appeals from the denial of his petition for habeas corpus relief, in which he alleged that he received an illegal sentence, that the trial court lacked subject matter jurisdiction, and that one of his convictions was void.  The habeas corpus court summarily dismissed the petition because the judgments were valid on their face and the trial court had jurisdiction over the offenses.  Petitioner appeals the dismissal of the petition.  We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and JILL BARTEE AYERS, JJ., joined.

Terrance Reese, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; G. Kirby May, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was convicted by a jury of four counts of unlawful possession of a weapon, one count of vandalism, and two counts of aggravated assault.  *State v. Reece*, No. E2020-01589-CCA-R3-CD, 2022 WL 484569, at *1-6 (Tenn. Crim. App. Feb. 17, 2022),

---

[1] Petitioner's name is spelled both Terrance Reece and Terrance Reese throughout the technical record submitted to this Court on appeal and in prior appeals from his original convictions.  Because Petitioner's name is spelled Terrance Reese (*Alias*: Reece, Terrance) on the judgment forms, we have chosen to utilize Reese as the spelling of his name.

*perm. app. denied* (Tenn. June 8, 2022). Petitioner was acquitted of one count of aggravated assault. *Id.* Eight counts related to the criminal gang offense enhancement statute were dismissed by the State prior to trial. As a result of the convictions, Petitioner received a total effective sentence of 22 years. *Id.* at *1. The first 12 years of the sentence were ordered to be served at 60% as a career offender, and the last 10 years were ordered to be served at 45% as a persistent offender. *Id.*

Petitioner appealed his convictions, arguing that the trial court made several errors and that the evidence was insufficient to support the convictions. *Id.* Petitioner did not challenge the indictment or sentence on direct appeal. This Court affirmed Petitioner's convictions. *Id.*

Petitioner filed a pro se petition for habeas corpus relief in April of 2022. He alleged in that petition that his sentences were illegal because the indictment added an additional offense of aggravated assault that was not included in the original affidavit of complaint. Because of the addition of the offense, Petitioner surmised that the indictments were void and therefore all of his convictions were void. Petitioner also complained that the prosecutor violated the Tennessee Rules of Professional Conduct by "prosecuting a charge" that was "not supported by probable cause." Petitioner insisted that the judgments were void because the "trial court lacked jurisdiction to render the judgments" where the prosecutor proceeded "without probable cause."

Two months later, Petitioner amended his petition for habeas corpus relief, alleging that because he was not charged in the affidavit of complaint with unlawful possession of a weapon or charged with one of the counts of aggravated assault, the trial court did not have subject matter jurisdiction. As a result, Petitioner alleged his convictions were void.

Petitioner again amended his petition in March of 2023, this time alleging that the conviction, sentence, and judgment for Count 6 of the indictment (pertaining to one count of aggravated assault) were void because the "statement of facts in the indictment" were not included in the initial affidavit so the trial court did not have subject matter jurisdiction and the judgment was void.

Without a hearing, the habeas corpus court entered an order dismissing the petition. The habeas corpus court determined that the judgments were "valid on their face and the trial court had jurisdiction, therefore, any and all claims for relief . . . [were] hereby denied without an evidentiary hearing." Petitioner timely appealed.

*Analysis*

On appeal, Petitioner repeats his argument that the trial court lacked subject matter jurisdiction to "adjudicate the offense charged in Count 6" and, therefore, all the judgments are void. Petitioner also argues that the State is guilty of malicious prosecution because the indictment for Counts 6 and 10-17 were not supported by probable cause, rendering the entire indictment defective. The State, on the other hand, supports the habeas corpus court's conclusion that Petitioner failed to state a colorable claim or establish that his judgments were void. We agree with the State.

Article I, section 15 of the Tennessee Constitution guarantees to prisoners the right to seek habeas corpus relief. As such, "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101. That said, the grounds on which habeas corpus relief will be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is available only when it appears on the face of the judgment or record of the proceedings that the convicting court was without jurisdiction or that the petitioner is still imprisoned after his sentence has expired. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment of conviction is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). A voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers*, 212 S.W.3d at 256 (citing *Dykes*, 978 S.W.2d at 529).

Here, Petitioner challenges the subject matter jurisdiction of the trial court to adjudicate Count 6 of the indictment and claims that all judgments are void because the trial court lacked jurisdiction. Moreover, Petitioner complains that the State presented Count 6 and Counts 10-17 as additional charges that were not included in the original affidavit of complaint. Petitioner insists that these "malicious accusations" resulted in void judgments. We disagree.

"'Lack of jurisdiction' refers to *subject matter jurisdiction*[,]" or "a court's authority to adjudicate a dispute brought before it." *State v. Nixon*, 977 S.W.2d 119, 120 (Tenn. Crim. App. 1997) (emphasis in original); *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 176 (Tenn. Ct. App. 2010). "Subject matter jurisdiction involves the nature of the cause of action and the relief sought and can only be conferred on a court by legislative or constitutional act." *State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004). "The circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal." T.C.A. § 40-1-108.

A habeas corpus petitioner may challenge the validity of an indictment "when the indictment is so defective as to deprive the court of jurisdiction." *Dykes*, 978 S.W.2d at 529. An indictment must provide the accused with "the nature and cause of the accusation" against him. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. The indictment must state the facts in such a way that "enable[s] a person of common understanding to know what is intended." T.C.A. § 40-13-202. "[A]n indictment is valid if it provides sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (citations omitted).

Generally, defenses and objections based on a defective indictment must be raised prior to trial or they are waived. Tenn. R. Crim. P. 12(b)(2), (f). However, a court may hear a claim that the indictment fails to show jurisdiction in the court "at any stage of the proceedings, including in a habeas corpus petition." *Wyatt v. State*, 24 S.W.3d 319, 323 (Tenn. 2000). Here, the State sought to add Count 6 of the indictment based on the investigation after the initial affidavit of complaint. Count 6 of the indictment alleged that Petitioner,

> On or about the 28th day of April, 2018, in the State and County aforesaid, did unlawfully and knowingly cause [the victim] to reasonably fear imminent bodily injury, while said [Petitioner] was using or displaying a deadly weapon, in violation of T.C.A. 39-13-102, and against the peace and dignity of the State of Tennessee.

A prosecutor can seek additional charges based on the evidence during the pendency of a case, sometimes even resulting in the issuance of a superseding indictment. *State v. Mangrum*, 403 S.W.3d 152, 163-65 (Tenn. 2013). Here, the prosecutor added a specific count of aggravated assault pertaining to one of the victims, in Count 6, based on the investigation and probable cause. Petitioner's case was tried before the Knox County Criminal Court, which had subject matter jurisdiction over crimes occurring within Knox County. Because Petitioner cannot establish that the trial court was without jurisdiction or authority to sentence Petitioner or that his sentence was expired, any challenge to Count 6 or Counts 10-17 on the basis of some sort of "malicious" behavior of the prosecutor would not render the judgments void. *Hickman*, 153 S.W.3d at 20.

As to Petitioner's challenge to the counts of the indictment numbered 10-17, these counts pertained to alleged violations of the criminal gang offense enhancement and were dismissed prior to trial. Petitioner did not challenge any of the indictments prior to trial, and by virtue of their dismissal there are no judgments that could be properly challenged

in the habeas corpus context as void. The habeas corpus court properly dismissed the petition on the basis that Petitioner failed to state a colorable claim.

## CONCLUSION

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.


_____

TIMOTHY L. EASTER, JUDGE