IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 27, 2012 Session

## PAM BARNETT v. TENNESSEE ORTHOPAEDIC ALLIANCE ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 09C1682      Thomas W. Brothers, Judge**

---

**No. M2011-01978-COA-R3-CV - Filed September 19, 2012**

---

This medical malpractice action, which had been pending for several years, was summarily dismissed because the plaintiff did not file a response to the defendants' motion for summary judgment, the plaintiff's only expert witness admitted she was not qualified to opine concerning the standard of care at issue, and the statute of limitations had run. Upon motion of the defendants pursuant to Tennessee Rule of Civil Procedure 54.04(2), the trial court awarded the defendants $9,000 in discretionary costs. This appeal followed. We affirm. We have also determined that this appeal is frivolous and remand to the trial court to determine the proper amount of damages pursuant to Tennessee Code Annotated § 27-1-122.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and ANDY D. BENNETT, J., joined.

Pamela Ann Barnett, Brentwood, Tennessee, Pro Se.

Noel F. Stahl and David L. Johnson, Nashville, Tennessee, for the appellee, Tennessee Orthopaedic Alliance, P.A., and Edward Mackey, M.D.

## OPINION

Defendant Edward Mackey, M.D., an orthopaedic surgeon, began treating Pam Barnett ("Plaintiff") for back pain in 2000. He performed surgery on Plaintiff's neck in 2000, 2003, and 2004, with positive results each time. In 2005, when Plaintiff again complained of back and chest pain, Dr. Mackey prescribed a neck collar in the hopes of avoiding a fourth surgery. Plaintiff wore the neck collar for several months, also with positive results.

Thereafter, the relationship soured,[1] and in 2007, Plaintiff visited a neurosurgeon in Nashville, who recommended the surgery Dr. Mackey had been trying to avoid. Plaintiff underwent the fourth surgery in May 2007.

Plaintiff commenced this action against Dr. Mackey and his medical practice, Tennessee Orthopaedic Alliance ("TOA") (collectively "Defendants"), in April 2008. The complaint alleged that Dr. Mackey "failed to examine, attend to and treat" Plaintiff's back problems "in a timely manner." All claims against TOA were premised on a theory of vicarious liability for Dr. Mackey's allegedly wrongful conduct.

Plaintiff voluntarily dismissed the initial complaint and re-filed her claims on May 19, 2009. Plaintiff's counsel withdrew from the case with leave of court in August 2009, and Plaintiff has acted pro se since that time. After her counsel withdrew, Plaintiff was granted three extensions, totaling over five months, to file a certificate of good faith in accordance with Tennessee Code Annotated § 29-26-122(a). In the order granting the last extension, the trial court noted, "Plaintiff shall be granted no further extensions of time within which to file a Certificate of Good Faith." On March 10, 2010, Plaintiff filed a certificate of good faith supported by the affidavit of Sylvia McQueen, M.D., after which the trial court set a fact discovery deadline of February 1, 2011, and a deadline of March 1, 2011, for Plaintiff to designate her expert witnesses. Plaintiff designated Dr. McQueen as her only expert witness, and trial was set for December 2011.

Defendants deposed Dr. McQueen on May 11, 2011. During the deposition, Dr. McQueen admitted that she was not a medical expert regarding the standard of care applicable to orthopaedic surgeons stating, "I am not an orthopaedic surgeon and therefore cannot opine in this area." As a result of her admission, Defendants filed a Motion to Exclude Dr. McQueen's testimony, followed by a Motion for Summary Judgment. The Motion for Summary Judgment was supported by Dr. Mackey's sworn affidavit and a Statement of Undisputed Facts. The motion was based on two principal grounds: one, that the complaint was time-barred because Defendants had presented undisputed facts that the cause of action accrued in 2005 and the initial complaint was filed more than one year later; and two, that Dr. Mackey's affidavit proved that he did not deviate from the standard of care and his treatment of Plaintiff caused her no harm.

---

[1] Defendants assert the relationship with Plaintiff soured because Dr. Mackey "refused to provide testimony favorable to her in separate litigation," which arose out of a vehicular accident that occurred in January 2005. Defendants also assert that she "was obsessed with her lawsuits," she asked Dr. Mackey and other members of his practice to "alter" her medical records to "help her with her lawsuit" in November 2005, and, in February 2006, she requested certain correspondence she had previously sent to the practice be "destroyed so that it would not be discovered in her lawsuit."

The Motion to Exclude the testimony of Dr. McQueen came on for hearing on July 15, 2011, at which time the trial court found that, "Dr. McQueen's opinions in this case are untrustworthy, unreliable and incredible and would not substantially assist the Jury in this action." Upon this finding, the court granted the motion to exclude Dr. McQueen's testimony. During the same hearing, the trial court entertained but denied Plaintiff's request for leave to file an amended complaint and for a "One-Month Enlargement of Time" to respond to Defendant's Motion for Summary Judgment.

Defendants' Motion for Summary Judgment was set to be heard on August 5, 2011. Plaintiff never filed a response to Defendants' Motion for Summary Judgment. Instead of filing a response to the motion for summary judgment and a properly supported statement of disputed facts as Tennessee Rule of Civil Procedure 56.03 requires, on July 22, Plaintiff filed a Motion for Relief seeking: "1) Relief from the legal ramifications of her only expert's exclusion, 2) Relief from the scheduling order, 3) Relief from the Plaintiff's deadline to respond to [Defendants' motion for] summary judgment."

The trial court took up Plaintiff's Motion for Relief at the same hearing as Defendants' Motion for Summary Judgment, on August 5, 2011. The court found that Dr. Mackey's affidavit, which was uncontested, affirmatively negated the essential elements of causation and breach of the standard of care. The court also found that the medical care at issue was provided in 2005 and that the complaint was not filed until April 2008; thus, Plaintiff's claims were barred by the one-year statute of limitations for medical malpractice claims set forth in Tennessee Code Annotated § 29-26-116(a). Based upon these findings, the trial court granted Defendants' Motion for Summary Judgment and denied Plaintiff's Motion for Relief in all respects. Subsequently, on Defendants' motion, the trial court also granted Defendants a judgment in the amount of $9,000 for discretionary costs pursuant to Tennessee Rule of Civil Procedure 54.04(2).

Plaintiff proceeded to file a number of post-judgment motions including, *inter alia*, a Motion for Relief from the trial court's grant of summary judgment and a Motion to Alter or Amend/Motion for Stay of Proceedings to Enforce a Judgment regarding the $9,000 judgment for discretionary costs. An Agreed Order was entered on December 16, 2011 staying execution of the judgment for discretionary costs; the remainder of Plaintiff's motions were denied.[2]

---

[2]Plaintiff also filed two motions in this Court – a "Motion to Remand to Trial Court and Motion for a Sufficient Extension of Time," which was denied October 10, 2011, and an "Application for Order" requesting that Defendant be required to file the parties' depositions for the record on appeal, which was denied November 11, 2011.

This appeal followed. Plaintiff presents numerous "issues" for us to consider,[3] however, they are mostly argumentative and not properly fashioned as issues we may consider on appeal. Accordingly, it was imperative that we determine the issues Plaintiff attempts to raise that are proper for our review. The relevant and dispositive issues from Plaintiff's perspective are:

(1) Whether the trial court abused its discretion in denying Plaintiff's fourth request for additional time to engage an expert witness?
(2) Whether the trial court erred as a matter of law in granting Defendants' motion for summary judgment?
(3) Whether the trial court abused its discretion in awarding $9,000 in discretionary costs to Defendants?

---

[3]Plaintiff's Statement of the Issues Presented for Review lists the following:

I. Whether the officers of the court should be held to the same moral standards as physicians in Tennessee, "First do no harm."

II. Whether the trial court erred in denying both of the Plaintiff's motion[s] for relief . . . , in dismissing the intentional tort claim because an intentional tort does not require expert testimony and erred in granting summary judgment to the Defendant considering:

> II.a. As a general rule summary judgment is not appropriate in negligence cases. Furthermore this case is not limited to negligence.
> II.b. Pleadings on file from both parties indicate factual controversies and evidence of contradictory facts which are to be resolved in favor of the non-movant. Furthermore defendant Mackey's facts were not trustworthy.
> II.c. Plaintiff Barnett's legal mental disability and the effect that had on her inability to make an "about face" "expert is disqualified" last ditch effort to file a cross motion for summary judgment in fourteen (14) days.
> II.d. The number of facts that existed in the "entire record" on file and the important discovery that was not before the court.
> II.e. The defendant only provided portions of documents in his summary judgment evidentiary support.
> II.f. The defendant's attempt to make hay of Ms. Barnett's misfortunes in attempt to discredit Ms. Barnett's ethics and values are without merit.
> II.g. Defendant Mackey has admitted his negligence.
> II.h. The case is not barred by the statute of limitations.

III. Whether Ms. Barnett should have been given the opportunity to find another expert within thirty (30) days after her only expert was disqualified considering [Plaintiff] was in no way responsible for the erroneous and dishonest statements of her expert witness and considering the miscommunication during the March 25, 2011 hearing.

-4-

For their part, Defendants assert that this appeal is frivolous for which they are entitled to recover their reasonable and necessary attorney's fees.

## ANALYSIS

We recognize that Plaintiff is a pro se litigant, a party who represents herself in litigation. As a pro se litigant, Plaintiff is entitled to fair and equal treatment by the courts. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). Thus, we have taken into account that she has no formal legal training, although she does have some familiarity with litigation.[4] Nevertheless, we must "be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary" and not excuse the pro se litigant from complying with the same substantive and procedural rules that represented parties must observe. *Id*. Although pro se litigants are entitled to some liberality, "the courts cannot create claims or defenses for pro se litigants where none exist." *Id.* at 904 (citing *Rampy v. ICI Acrylics, Inc.*, 898 S.W.2d 196, 198 (Tenn. Ct. App. 1994)).

Accordingly, we have conducted our analysis of the issues with the above principles in mind.

### I. SCHEDULING ORDER – REQUEST FOR EXTENSION OF TIME

We shall first address Plaintiff's assertion that the trial court erred in denying her latest request for additional time to engage an expert witness to respond to the motion for summary judgment.

Our trial courts possess broad discretionary authority to control their dockets and the proceedings in their courts, *Hessmer*, 138 S.W.3d at 904, and the appellate courts do not disturb the exercise of such discretion unless the trial court has acted unreasonably, arbitrarily, or unconscionably. *Hodges v. Attorney Gen.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000). Further, we "will not reverse a discretionary judgment of the trial court unless it affirmatively appears that such discretion has been explicitly abused to great injustice and injury of the party complaining." *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn. 1994) (citing Tenn. R. App. P. 36(b); *Bruce v. Bruce*, 801 S.W.2d 102, 107 (Tenn. Ct. App. 1990)).

---

[4]Plaintiff has been involved in three prior medical malpractice suits (two in the 1990s, and one in 2008) and two other tort actions (2002 and 2005).

The party opposing a summary judgment motion that challenges their ability to prove an essential element of their case may seek an extension of time for discovery by submitting an affidavit in accordance with Tennessee Rule of Civil Procedure 56.07. *See Rains v. Bend of the River*, 124 S.W.3d 580, 587-88 (Tenn. Ct. App. 2003). When a party has submitted a Rule 56.07 affidavit and the trial court refuses to grant a continuance, we review the trial court's decision in the context of the issues being tried and the posture of the case at the time the request is made pursuant to the very deferential abuse of discretion standard. *Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 401 (Tenn. Ct. App. 2009) (citing *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 935 (Tenn. Ct. App. 1984)).

Leave of court is often granted in response to a justifiable request for an extension of time; however, the tortured procedural history of this case does not lend itself to such liberality. The alleged malpractice occurred in 2005. The initial complaint was filed in 2008. Plaintiff voluntarily dismissed her case and re-filed it in 2009. Since that time, Plaintiff has requested and received at least three extensions from the trial court to arrange for the requisite certificate of good faith and expert medical proof.

The trial court established a reasonable deadline for the disclosure of expert witnesses pursuant to Tennessee Rule of Civil Procedure 26.02(4). That deadline was March 1, 2011, which was six years after the alleged malpractice occurred and three years since the initial complaint was filed. Plaintiff finally engaged a medical expert, the first and only one she engaged for this action. Thereafter, Plaintiff's expert admitted in her deposition that she was not competent to opine as to the applicable standard of care in this case or as to causation. Defendants then filed a motion to disqualify the admittedly unqualified expert and a properly supported motion for summary judgment. Plaintiff responded to both motions by, once again, asking for more time.

There comes a time when, as the saying goes, "enough is enough." That concept was at issue in *Jaden v. Vanderbilt Univ.*, No. M2008-02752-COA-R3-CV, 2009 WL 2242695 (Tenn. Ct. App. July 27, 2009). In that case, Jaden was terminated from the graduate studies program at Vanderbilt University after missing several deadlines for completing her Ph.D. in psychology.[5] *Id.* at *2-3. She filed suit against Vanderbilt for breach of contract, and this Court affirmed the trial court's grant of summary judgment in favor of the university. *Id.* at *3. As this Court noted: "This law suit is a prime example of why Clare Boothe Luce said, 'No good deed goes unpunished.' Vanderbilt exercised the patience of Job with Jaden. She missed deadline after deadline until Vanderbilt decided enough was enough." *Id.*

---

[5]Ms. Jaden enrolled in the program in 1986 and was removed from the program in August 2005, having failed to meet deadlines for completing her studies in 1989, 1993, and 2004. *Jaden*, 2009 WL 2242695, at *2.

In this case, the trial court acted well within its discretion in concluding that "enough was enough" at the July 15, 2011 hearing on Defendants' Motion to Exclude the testimony of Dr. McQueen. The trial court exercised the patience of Job with Plaintiff by granting at least three extensions of time to obtain an expert witness, and the court ultimately decided to deny Plaintiff's request for another extension in order to adhere to the previously entered scheduling order. Considering the context of the issues to be tried and the posture of this case at the time, as we are required to do, *see Regions Fin. Corp.*, 310 S.W.3d at 401 (citing *Price*, 682 S.W.2d 924), we find no abuse of discretion with the trial court's decision to deny Plaintiff's request for another extension of time. Thus, we affirm the trial court on this issue.

We now turn to the motion for summary judgment.

## II. SUMMARY JUDGMENT

This appeal arises from the grant of summary judgment. Summary judgment is appropriate when a party establishes that there is no genuine issue as to any material fact and that a judgment may be rendered as a matter of law. Tenn. R. Civ. P. 56.04; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003). It is appropriate in virtually all civil cases that can be resolved on the basis of legal issues alone. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); *Pendleton v. Mills*, 73 S.W.3d 115, 121 (Tenn. Ct. App. 2001). It is not appropriate when genuine disputes regarding material facts exist. *See* Tenn. R. Civ. P. 56.04. The party seeking summary judgment bears the burden of demonstrating that no genuine disputes of material fact exist and that the party is entitled to judgment as a matter of law. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002). To be entitled to summary judgment, the moving party must affirmatively negate an essential element of the nonmoving party's claim *or* show that the moving party cannot prove an essential element of the claim at trial. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008).

Summary judgments do not enjoy a presumption of correctness on appeal. *BellSouth Adver. & Publ'g Co. v. Johnson*, 100 S.W.3d 202, 205 (Tenn. 2003). Because the resolution of a motion for summary judgment is a matter of law, we review the trial court's judgment de novo with no presumption of correctness. *Martin,* 271 S.W.3d at 84. The appellate court makes a fresh determination that the requirements of Rule 56 have been satisfied. *Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1977); *see also* Tenn. R. Civ. P. 56. As does the trial court, the appellate court considers the evidence in the light most favorable to the nonmoving party and resolves all inferences in that party's favor. *Martin,* 271 S.W.3d at 84; *Stovall*, 113 S.W.3d at 721; *Godfrey*, 90 S.W.3d at 695. When reviewing the evidence, the appellate court first determines whether factual disputes exist and, if a factual dispute exists, we then

determine whether the fact is material to the claim or defense upon which the summary judgment is predicated and whether the disputed fact creates a genuine issue for trial. *Byrd,* 847 S.W.2d at 215.

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. A properly supported motion for summary judgment must show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000); *McCarley v. W. Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998). If the moving party makes a properly supported motion, then the nonmoving party is *required* to establish the existence of the essential elements of the claim. *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215. If, however, the moving party does not properly support the motion, then the nonmoving party's burden to produce either supporting affidavits or discovery is relieved and the motion must fail. *McCarley*, 960 S.W.2d at 588; *Martin,* 271 S.W.3d at 83.

To make this showing and shift the burden of production, the moving party may: 1) affirmatively negate an essential element of the nonmoving party's claim; or 2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Martin*, 271 S.W.3d at 83; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *Byrd*, 847 S.W.2d at 215 n.5. In addition, the moving party must present evidence that more than "raises doubts" about the ability of the nonmoving party to prove its claim at trial. *Martin*, 271 S.W.3d at 84. The moving party must produce evidence or refer to previously submitted evidence. *Id.*; *accord Hannan*, 270 S.W.3d at 5. Thus, to negate an essential element of a claim, a moving party must refer to evidence that tends to disprove an essential element of the claim made by the nonmoving party. *Martin*, 271 S.W.3d at 84.

Defendants, as the moving parties, had the burden to negate an essential element of Plaintiff's claim of medical malpractice *or* establish that Plaintiff cannot prove an essential element of the claim at trial. *See id.*, 271 S.W.3d at 83 (citing *Hannan*, 270 S.W.3d at 5; *McCarley*, 960 S.W.2d at 588; *Byrd*, 847 S.W.2d at 215 n.5). Defendants' Motion for Summary Judgment was based on two principal grounds. One ground was the statute of limitations, which for medical malpractice claims is one year. *See* Tenn. Code Ann. § 29-26-116(a). The other ground pertained to the prima facie elements of a medical malpractice case.

The prima facie elements of a medical malpractice action are stated in the Tennessee Health Care Liability Act (formerly known as the "Medical Malpractice Act"), Tennessee

Code Annotated §§ 29-26-101 through -210 (amended in 2012), which states in pertinent part:

> (a)  In a health care liability action, the claimant shall have the burden of proving by evidence as provided by subsection (b):
>
> > (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
> >
> > (2)  That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
> >
> > (3)  As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.
>
> (b)  No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. This rule shall apply to expert witnesses testifying for the defendant as rebuttal witnesses. The court may waive this subsection (b) when it determines that the appropriate witnesses otherwise would not be available.

Tenn. Code Ann. § 29–26–115.

Expert testimony is required to establish a prima facie showing of duty, breach of duty and causation in medical malpractice cases, except where the act of alleged malpractice lies within the knowledge of ordinary laymen. *Kenyon v. Handal*, 122 S.W.3d 743, 758 (Tenn. Ct. App. 2003); *Mercer v. HCA Health Servs. of Tennessee*, 87 S.W.3d 500, 507 (Tenn. Ct. App. 2002); *see also* Tenn. Code Ann. § 29–26–115.

Defendants filed a properly supported motion for summary judgment which, if uncontested, establishes that Dr. Mackey did not deviate from the applicable standard of care, that Dr. Mackey did not cause harm to Plaintiff, and that any alleged malpractice could not have occurred after 2005. When a motion for summary judgment is properly supported, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The proper response shall be made pursuant to Tennessee Rule of Civil Procedure 56.03, which expressly provides:

> Any party opposing the motion for summary judgment must, . . . file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

In this case, Plaintiff failed to file a proper response to the motion for summary judgment or to Defendants' statement of undisputed facts. Plaintiff also failed to present any evidence, expert testimony or otherwise, on any material fact; thus, all of the facts supporting Defendants' Motion for Summary Judgment remain undisputed. Pursuant to Tennessee Rule of Civil Procedure 56.06, "[i]f the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party."

A scheduling order, or an order of similar import that imposes deadlines to aid in the timely progression of a case, "plays a pivotal role in the fate of a nonmoving party's claim or defense when challenged by a summary judgment motion." *Shipley v. Williams,* 350 S.W.3d 527, 568 (Tenn. 2011). As the Tennessee Supreme Court explained in *Shipley*:

> If no scheduling order exists or if the deadlines for disclosure and discovery have not passed, a summary judgment motion asserting that the plaintiff cannot establish an essential element of its claim at trial would be premature. However, a similar motion, filed after the deadlines imposed in a scheduling order have passed, will succeed if the moving party is able to convince the trial court that the evidence upon which the plaintiff relies to prove an essential element of its claim or defense is inadmissible.

*Id.* at 568-69 (internal citations omitted). In this case, Plaintiff's only medical expert admitted she was not qualified and her testimony was excluded by order of the trial court and the discovery deadline had passed.

By filing a properly supported motion for summary judgment, which was unopposed, Defendants established that Dr. Mackey did not deviate from the applicable standard of care, that Dr. Mackey did not cause harm to Plaintiff, and that any alleged malpractice could not have occurred after 2005. Because Plaintiff did not properly respond to the motion for summary judgment, these facts are undisputed, notwithstanding Plaintiff's unsupported allegations. *See* Tenn. R. Civ. P. 56.06 ("An adverse party may not rest upon the mere allegations or denials of the adverse party's pleading."). Accordingly, summary judgment was appropriately granted to Defendants on the grounds identified by the trial court.

## III. DISCRETIONARY COSTS

Trial courts are authorized by Tennessee Rule of Civil Procedure 54.04(2) to award certain litigation expenses incurred by the "prevailing party." When deciding whether to award or deny costs under Rule 54.04(2):

> [T]he courts should (1) determine whether the party requesting the award is the "prevailing party," (2) limit awards to the costs specifically identified in the rule, (3) determine whether the requested costs are necessary and reasonable, and (4) determine whether the prevailing party has engaged in conduct during the litigation that warrants depriving it of the discretionary costs to which it might otherwise be entitled.

*Massachusetts Mut. Life Ins. Co. v. Jefferson,* 104 S.W.3d 13, 35-36 (Tenn. Ct. App. 2002) (internal footnotes omitted).

Rule 54.04(2) discretionary costs expressly address themselves to the sound discretion of the trial court. *Freeman v. CSX Transp., Inc*. 359 S.W.3d 171, 180 (Tenn. Ct. App. 2010). Thus, on appeal, the party taking issue with an award of discretionary costs has the burden of showing the trial court abused its discretion. *Jefferson,* 104 S.W.3d at 36 (citing *Sanders v. Gray*, 989 S.W.2d 343, 345 (Tenn. Ct. App. 1998) (The appellate courts "will not interfere" with a trial court's award of discretionary costs "except upon an affirmative showing that the trial court abused its discretion.")). This Court will not substitute its discretion for that of the trial court. *Freeman*, 359 S.W.3d at 180. We will overturn a discretionary decision only when the trial court has applied an incorrect legal standard, reached an illogical decision, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party. *Id.* (citing

*Jefferson,* 104 S.W.3d at 35). Therefore, Plaintiff has the burden to establish that the trial court applied an incorrect legal standard, reached an illogical decision, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that caused an injustice to Plaintiff in awarding $9,000 in discretionary costs. *See Id.*

Defendants are indisputably the "prevailing parties." *See* Tenn. R. Civ. P. 54.04. Furthermore, the record is void of any proof suggesting that the costs awarded are not of the type "specifically identified in the rule," *Jefferson*, 104 S.W.3d at 35-36; *see also* Tenn. R. Civ. P. 54.04(2) ("Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions . . . and for trials . . . ."), that the costs are not "reasonable and necessary," or that Defendants engaged in conduct that would warrant depriving them of their discretionary costs. Accordingly, the trial court's award of $9,000 for Defendants' discretionary costs is affirmed.

## IV. FRIVOLOUS APPEAL

Defendants seek to recover damages for expenses incurred as a result of this appeal, pursuant to Tennessee Code Annotated § 27-1-122. They contend the appeal is devoid of merit and thus frivolous.

"A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn. 1978)) (other internal citation omitted). The remedy for one aggrieved by a frivolous appeal is set forth in Tennessee Code Annotated § 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on judgment and expenses incurred by the appellee as a result of the appeal.

The mere fact a party is successful in an appeal does not entitle that party to recover damages under Tennessee Code Annotated § 27-1-122; however, a successful litigant should not have to bear the expense of a "groundless" appeal. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977). To discourage such appeals and to avoid burdening this Court with meritless appeals, the Tennessee General Assembly enacted the so-called frivolous appeals statute, Tennessee Code Annotated § 27-1-122. *Id.* We recognize, however, that the statute is to be strictly interpreted so as not to discourage legitimate appeals. *Id.*

Plaintiff had six years to obtain a competent medical expert witness to testify on her behalf but she was unable to do so. She provides no basis for this Court to conclude that the trial court abused its discretion when it decided that "enough was enough" and refused to grant her yet another extension. *See Jaden*, 2009 WL 2242695, at *3. As a result, she is unable to establish a prima facie case of medical malpractice. Further, as Dr. Mackey's affidavit establishes, this case was commenced after the statute of limitations had run. Finally, Plaintiff has failed to articulate any basis upon which this Court could conclude that the trial court erred by awarding $9,000 in discretionary costs.

For the foregoing reasons, we find this appeal is devoid of merit and so lacking in justiciable issues that it constitutes a frivolous appeal within the meaning of the statute. Accordingly, we remand this issue to the trial court to determine the proper amount of damages to which Defendants are entitled pursuant to Tennessee Code Annotated § 27-1-122.

## IN CONCLUSION

The judgment of the trial court is affirmed in all respects and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against Pam Barnett, the appellant.

_____
FRANK G. CLEMENT, JR., JUDGE