IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 5, 2018 Session

**IN RE AUGUSTA C. FARMER FAMILY TRUST**

**Appeal from the Chancery Court for Robertson County**
**No. CH 17-CV-516   Laurence M. McMillan, Jr., Chancellor**

———————————————

**No. M2018-00121-COA-R3-CV**

———————————————

This appeal arises from an action to terminate a testamentary trust, the only assets of which were non-income producing real estate. The trial court ruled that the trust terminated by operation of law pursuant to the terms of the trust following the death of the primary beneficiary, the father of the residuary beneficiaries, and it ordered the clerk of the court to prepare a deed transferring the real estate to the seven beneficiaries. The trustees appealed, contending they have the sole discretion to determine the manner of distribution, which includes the option of selling the real estate to one of the trustees and then distributing the net proceeds from the sale to the beneficiaries. We affirm the trial court's determination that the trust terminated by its own terms upon the death of the primary beneficiary. Although we agree with the trustees' argument that they had the discretion to distribute the assets in kind or sell the assets and distribute the net proceeds to the beneficiaries, the record reveals they failed to do so in a timely manner. Because the trustees failed to "proceed expeditiously" to distribute the trust assets to the beneficiaries, as Tenn. Code Ann. § 35-15-817(b) requires, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and BRANDON O. GIBSON, JJ., joined.

James B. Johnson, Nashville, Tennessee, for the appellants, Mary F. Eden and John Thomas Farmer.

B. Nathan Hunt and Hollie L. Smith, Springfield, Tennessee, for the appellees, Peggy Jo Duffer, Michael S. Farmer, Rudolph Scott Farmer, Timothy Lee Farmer, and Barbara Shelton.

**OPINION**

Augusta C. Farmer ("Mrs. Farmer") died on August 29, 2009, leaving a will that created a testamentary trust, the Augusta C. Farmer Family Trust ("the trust"). The will provided that Mrs. Farmer's interest in four parcels of real property would be transferred to the trust.[1] The primary beneficiary of the trust was her surviving spouse, John Rudolph Farmer ("Mr. Farmer"), and the residuary beneficiaries were their seven children, Barbara Ann Shelton, Rudolph Scott Farmer, Michael S. Farmer, Timothy Lee Farmer, Peggy Jo Duffer, Mary F. Eden, and John Thomas Farmer. Two of the children, Mary F. Eden and John Thomas Farmer, were named as trustees of the trust.

Acting pursuant to the will, an Executor's Deed was recorded on July 29, 2010, in Record Book 1379, Pages 489-496, Register's Office for Robertson County, Tennessee, whereby Mrs. Farmer's interest was conveyed to Mary F. Eden and John Thomas Farmer as trustees of the Augusta C. Farmer Family Trust.

The trust directed the trustees to "pay and distribute all of the net income" to Mr. Farmer for as long as he shall live. Additionally, Article IX, paragraphs 6 and 6(i), titled "Child's Trust," stated in pertinent part:

> 6. Following the subsequent death of my said husband, or following my death if [he] shall not survive me, Trustee shall hold and administer one (1) of such separate trusts for the use and benefit of each child of mine then living. Trustee shall pay and distribute to such child, or expend on such child's behalf, so much of the net income attributable to such child's respective separate trust as Trustee, in the exercise of his discretion, may deem advisable to provide for such child's health, maintenance, education, and support, until such separate trust shall terminate as hereinafter provided. Any net income of such child's respective separate trust not so disbursed by Trustee shall be incorporated into the principal of such child's respective separate trust at least annually.
>
>> i. When any such child of mine shall have attained the age of Twenty-five (25) years, such child may, by written notice to Trustee at any time thereafter withdraw up to One-third (1/3) of the principal of such child's separate trust as of the beginning of such period. When any such child of mine shall have attained the age of Thirty (30) years, such child may, by

---

[1] The estate assets to be conveyed to the trust were Mrs. Farmer's 9/10 interest in four parcels of real property; her husband owned the remaining 1/10 interest. The parcels consist of a 55.81 acre lot, a 13.81 acre lot, a 13.98 acre lot, and a five (5) acre lot.

written notice to Trustee at any time thereafter withdraw up to One-half (1/2) of the principal of such child's separate trust as of the beginning of such period. The remainder of the principal of such separate trust shall be retained in trust until such child shall have attained the age of Thirty-five (35) years, at which time, such separate trust shall terminate and Trustee shall then pay and distribute the entire remaining principal of such child's separate trust to such child.

Mr. Farmer died on October 29, 2015,[2] and it is undisputed that all seven children had attained the age of 35 prior to the death of Mr. Farmer. Over the next two years, the trustees refused requests of the other five beneficiaries to make any distributions to the beneficiaries. As a consequence, on October 23, 2017, beneficiaries, Barbara Ann Shelton, Rudolph Scott Farmer, Michael S. Farmer, Timothy Lee Farmer, and Peggy Jo Duffer (collectively "Petitioners") commenced this action by filing a petition to remove the trustees.[3] In an amended petition, Petitioners contended that the trust had terminated by its own terms on the death of Mr. Farmer and sought an order compelling the distribution of the assets.

Petitioners argued the trust terminated by operation of law pursuant to Article IX, paragraphs 6 and 6(i), which mandated distribution of all trust assets to the beneficiaries, because all residuary beneficiaries had attained the age of 35 prior to Mr. Farmer's death. The trustees filed a response contending, in pertinent part, that they had broad discretion to continue to administer the trust after the death of Mr. Farmer and that "Article IX, paragraphs 4, 5 and 6 provides specific instruction, based upon certain conditions, of how the Trust is to be managed and the assets distributed before the Trust can be terminated. Because the [Petitioners] continue to act in bad faith, those conditions have not been satisfied." The trustees also contended the trust granted them discretionary powers to determine how the trust assets should be distributed to all seven children following the death of Mr. Farmer.

---

[2] Following the death of Mr. Farmer, Mary F. Eden and John Thomas Farmer were appointed co-executors of the Estate of John Rudolph Farmer. Due to certain actions of the co-executors, including an alleged breach of a power of attorney they had over their father during his lifetime, the other five beneficiaries of the estate filed a motion to have the co-executors removed. The motion was granted by order entered on November 7, 2016, and Phyllis D. Morriss was appointed administrator ad litem.

[3] This action was commenced with the filing of a "motion" under the docket number of the probate estate of Augusta C. Farmer. Shortly thereafter, the trial court properly identified this civil action as separate and distinct from the administration of Mrs. Farmer's probate estate and, by order entered on November 20, 2017, transferred and assigned this case a new case number, Case No. 74CH1-2017-CV-516, and required that all future matters involving the Augusta C. Farmer Family Trust be filed under the caption of In Re: Augusta C. Farmer Family Trust with the new case number.

Following a hearing, the trial court ruled, in pertinent part:

8. Article IX ("Family Trust Disposition") of the trust states that upon the death of the decedent's husband any of the trust assets may be sold to pay any inheritance taxes resulting from inclusion of the property or trust in Mr. Farmer's estate and that the remaining balance of the trust assets were to be distributed to each of the decedent's children in equal shares upon each child attaining the age of thirty-five (35). All of the decedent's children were over the age of thirty-five (35) at the time of John Rudolph Farmer's death and were therefore each entitled to their shares of the trust upon the death of Mr. Farmer.

9. That the Trustees, Mary F. Eden and John Thomas Farmer, have failed, since the death of John Rudolph Farmer on October 29, 2015, to transfer or distribute the assets of the trust equally to Ms. Farmer's seven (7) children as set forth in Article IX above.

Based upon the foregoing and other findings and conclusions of law stated in its final order, the trial court ruled that "the Augusta C. Farmer Family Trust terminated by operation of law upon the death of John Rudolph Farmer pursuant to Article IX of said trust" and ordered the Clerk of the Court to execute a deed pursuant to Rule 70, Tennessee Rules of Civil Procedure, transferring the 9/10 interest in the real property held by the trust to the beneficiaries. This appeal by the trustees followed.

## ISSUE

The trustees contend the trial court erred by determining that the trust terminated as a matter of law upon the death of Mr. Farmer. They also contend the court erred "when it terminated the trust on the grounds that the [trustees] failed to transfer and distribute the trust assets to the seven beneficiaries in accordance with Article IX, paragraph 6(i)." In addition, one of the trustees, John Thomas Farmer, argues he has the right to buy the 56-acre tract "for its appraised value," and the trial court's ruling erroneously deprives him of that right.

For their part, Petitioners contend this is a frivolous appeal and ask us to award attorney's fees pursuant to Tenn. Code Ann. § 27-1-122.

## STANDARD OF REVIEW

The issues present questions of law, and we review a trial court's conclusions of law de novo with no presumption of correctness. *Harvey ex rel. Gladden v. Cumberland Tr. & Inv. Co.*, 532 S.W.3d 243, 252 (Tenn. 2017).

ANALYSIS

"We interpret a trust instrument in the same manner as a contract, deed, or will." *Breen v. Sharp*, No. M2016-02415-COA-R3-CV, 2017 WL 5462189, at *4 (Tenn. Ct. App. Nov. 14, 2017), appeal denied (Mar. 15, 2018) (citing *In re Estate of Marks*, 187 S.W.3d 21, 28 (Tenn. Ct. App. 2005)). The overriding purpose of trust interpretation is to determine the intent of the grantor. *Id*. A court ascertains the grantor's intention from examining the particular words used and their context, as well as from the general scope and purpose of the instrument. *Daugherty v. Daugherty*, 784 S.W.2d 650, 653 (Tenn. 1990).

"Unless the trust instrument is ambiguous or allegations of fraud, accident or mistake have been made, parol evidence or evidence of surrounding facts and circumstances that contradicts or varies the terms of a written instrument may not be considered." *In re Estate of Marks*, 187 S.W.3d at 28 (citing *HMF Trust v. Bankers Trust Co.*, 827 S.W.2d 296, 299 (Tenn. Ct. App. 1991); *Brown v. Brown*, 320 S.W.2d 721, 728 (Tenn. Ct. App. 1959)). Here, the relevant provisions at issue are unambiguous, and there are no allegations of fraud, accident, or mistake.

## I.   TERMINATION AND DISTRIBUTION OF THE TRUST

The intent of Mrs. Farmer was clearly and unequivocally expressed in Article IX, paragraphs 6 and 6(i) of the written trust instrument:

> Following the subsequent death of my said husband . . . [t]he remainder of the principal of such separate trust shall be retained in trust until such child shall have attained the age of Thirty-five (35) years, at which time, such separate trust shall terminate and Trustee shall then pay and distribute the entire remaining principal of such child's separate trust to such child.

Because all of the beneficiaries were 35 years of age or older when Mr. Farmer died in October 2015, it became the affirmative duty of the trustees to wind down the affairs of the trust, pay taxes, and distribute the remaining assets pursuant to the trust.

Article VIII, paragraph 1 of the trust granted the trustees the discretionary powers listed in Tenn. Code Ann. § 35-50-110(5)-(33), which enabled the trustees to distribute capital assets within the trust "in kind or in cash, or partially in kind and partially in cash, as the fiduciary finds to be most practicable and for the best interests of the distributees . . ." unless the terms of the trust provided otherwise. Tenn. Code Ann. § 35-50-110(31). Because paragraphs 6 and 6(i) of the trust did not specify the manner of distribution upon termination, the trustees could, in their discretion and in accordance with Tenn. Code Ann. § 35-50-110(31), sell the real estate and distribute the net proceeds in equal shares to the beneficiaries. However, after accomplishing little over more than two years

following the death of Mr. Farmer, the trustees attempted to justify their acts and omissions by arguing that the trust had not yet terminated and "conditions" requiring the distribution of the trust assets have not been satisfied "[b]ecause the [Petitioners] continue to act in bad faith." Based on our review of the record, we find no acts of bad faith attributable to Petitioners. More significantly, we find no legal relevance under the provisions of the trust or law concerning whether one or more of the beneficiaries had or had not acted in bad faith following the termination of the trust pursuant to its own provisions.

Although the trust instrument did not specify a time within which the trustees were to wind up the affairs of the trust following the death of Mr. Farmer, the Tennessee Uniform Trust Code provides default provisions. *Harvey*, 532 S.W.3d at 257. While most provisions in the Trust Code serve as defaults, some provisions are mandatory. Tenn. Code Ann. § 35-15-105(a). Pertinent here are two statutory provisions. Tennessee Code Annotated § 35-15-105(b)(2) requires the trustee to "act in accordance with the terms and purposes of the trust and the interests of the beneficiaries." The Trust Code also provides that, unless the trust states otherwise, "[u]pon the occurrence of an event terminating or partially terminating a trust, the trustee ***shall proceed expeditiously*** to distribute the trust property to the persons entitled to it…." Tenn. Code Ann. § 35-15-817(b) (emphasis added).

Therefore, the trustees were under a mandatory obligation to, *inter alia*, "distribute the remaining principal of such child's separate trust to such child," when the terminating event or events occurred. *See* Tenn. Code Ann. § 35-15-105(b)(2). Because the trust did not provide otherwise, the trustees were to perform this task "expeditiously." *See* Tenn. Code Ann. § 35-15-817(b). Here, the trustees failed to act expeditiously. To make matters worse, they endeavored to act in a self-serving manner by attempting to sell the 56-acre tract to John Thomas Farmer based on a provision in their father's will, which has no relevance to the trust. Although the trust did not prohibit John Thomas Farmer, or any beneficiary, from buying assets of the trust, the trust did not afford him the express or implied right to buy a trust asset for its appraised value. Thus, John Thomas Farmer's self-serving attempts to buy the 56-acre tract provide no justification for a two-year delay in distributing the trust assets to the beneficiaries.

As for the trustees' objection to the clerk executing a deed to convey the assets to the beneficiaries, even when a trust gives the trustee broad discretion in making distributions, a court may intervene with a trustee's "distribution discretion" when a trustee "fails to act if under a duty to do so." Tenn. Code Ann. § 35-15-814(b)(2). Because the trustees failed to take the appropriate actions for two years following the termination of the trust, the trial court was justified in ordering the Clerk of the Court to prepare a deed to transfer the real estate to the seven beneficiaries.

## II. FRIVOLOUS APPEAL

Contending that the filing of this appeal was merely an attempt "to prolong this matter and cause the Appellees to expend further time and resources to defend the same," Petitioners seek to recover the expenses and attorney's fees incurred in this appeal pursuant to Tenn. Code Ann. § 27-1-122.

"A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Barnett v. Tennessee Orthopaedic All.*, 391 S.W.3d 74, 84 (Tenn. Ct. App. 2012) (citing *Indus. Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) (quoting *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn.1978)) (other internal citations omitted). The remedy for one aggrieved by a frivolous appeal is set forth in Tenn. Code Ann. § 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on judgment and expenses incurred by the appellee as a result of the appeal.

As this court previously stated,

> [t]he mere fact a party is successful in an appeal does not entitle that party to recover damages under Tennessee Code Annotated § 27-1-122; however, a successful litigant should not have to bear the expense of a "groundless" appeal. To discourage such appeals and to avoid burdening this Court with meritless appeals, the Tennessee General Assembly enacted the so-called frivolous appeals statute, Tennessee Code Annotated § 27-1-122.

*Barnette*, 391 S.W.3d at 84 (internal citations omitted). Nevertheless, we recognize that the statute is to be strictly interpreted so as not to discourage legitimate appeals. *Id*.

In this appeal, the trustees argued that certain provisions in the trust gave them the sole discretion to determine the manner of distribution when the trust terminated. While the trustees did not prevail, we have determined that their argument was not completely without merit. Therefore, we decline to award attorney's fees for a frivolous appeal.

**IN CONCLUSION**

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against Mary F. Eden and John Thomas Farmer.

_____
FRANK G. CLEMENT JR., P.J., M.S.