# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 20, 2021 Session

## MICHAEL MURPHY v. RICHARD SARTA ET AL.

**Appeal from the Circuit Court for Hamblen County**
**No. 13CV127          Alex E. Pearson, Judge**

_____

### No. E2020-00445-COA-R3-CV

_____

Following a judgment in their favor in a personal injury action, the defendants were granted an award of discretionary costs in the amount of $3,499.81. Appellant appeals, raising several arguments in opposition to the costs awarded. Because many of Appellant's arguments were not properly raised in the trial court, and the trial court did not abuse its discretion on the remaining issues, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C. J., and KRISTI M. DAVIS, J., joined.

Michael C. Murphy, Morristown, Tennessee, Pro se.

Kenneth W. Ward and Hannah S. Lowe, Knoxville, Tennessee, for the appellee, Richard Sarta, Christina Sarta, and Rebecca Keck, D/B/A Ingenuity 101.

## MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff/Appellant Michael Murphy ("Appellant")[2] filed a personal injury action against Defendants/Appellees Rebecca Keck, D/B/A Ingenuity 101, Richard Sarta, and Christina Sarta (together, "Appellees"). A jury trial occurred on June 6, 2019, which resulted in a verdict in favor of Appellees. Appellant thereafter filed a motion for a new trial, while Appellees filed a motion for discretionary costs under both Rule 54.04 and Rule 68 of the Tennessee Rules of Civil Procedure. The motion for discretionary costs was supported by an affidavit of counsel detailing $8,346.06 in discretionary costs. Appellant responded in opposition to the motion for discretionary costs, essentially arguing that making him pay Appellees' costs was unfair. Appellant also filed an amended motion for new trial.

On November 8, 2019, the trial court entered a written "Order on Post-trial Motions." Therein, the trial court ruled that none of the eleven grounds asserted in Appellant's motion for a new trial had merit and denied his original and amended motions for a new trial. As to Appellees' motion for discretionary costs, the trial court's ruling was unclear. First, the trial court ruled that Appellees were entitled to $2,500.00 in discretionary costs after excluding the costs associated with expert witness fees. This figure was handwritten over a crossed-out figure of $3,587.81. The order later stated, however, that Appellees were awarded a judgment against Appellant for discretionary costs in the amount of $3,587.81.

On December 5, 2019, Appellant filed a motion to alter or amend the trial court's November 8 order. In his motion, Appellant noted the discrepancy in the amount of discretionary costs awarded to Appellees and requested clarification. Appellant further noted that he "never agreed that the court reporter expenses were reasonable and necessary, particularly the ones for the April 2, 2018 lengthy, continuous five hour long deposition solely of [Appellant] by [Appellees'] counsel." On February 13, 2020, the trial court entered a written order modifying the award of discretionary costs, resulting in an award of $3,499.81. Appellant filed his notice of appeal to this Court on March 16, 2020.[3]

## II. ISSUE PRESENTED

---

[2] Appellant is self-represented in this appeal, but he is a licensed Tennessee attorney.

[3] On September 15, 2020, the Court of Appeals issued an order ordering Appellant to show cause as to why his appeal should not be dismissed as untimely filed. The Court of Appeals noted that Appellant had not timely appealed the November 8, 2019 final order as to the substantive issues at trial, and that it was "unable to determine from the notice of appeal whether [] [A]ppellant [was] attempting to appeal issues with regard to his motion for new trial or whether he [was] attempting to appeal the award of discretionary costs contained in the February 13, 2020 order." Appellant responded that he wished to appeal both issues. The Court of Appeals eventually ruled, however, that Appellant had only timely appealed the order granting Appellees an award of discretionary costs.

Appellant raises a single issue: whether the trial court erred in awarding discretionary costs to Appellees.

## III. DISCUSSION

Discretionary costs may be awarded to prevailing parties under Rule 54.04(2) of the Tennessee Rules of Civil Procedure in the trial court's discretion. *Compare* Tenn. R. Civ. P. 54.04(1) (involving "[c]osts included in the bill of costs prepared by the clerk," which "shall be allowed to the prevailing party"), *with* Tenn. R. Civ. P. 54.04(2) (involving certain "costs not included in the bill of costs prepared by the clerk," which are "allowable only in the court's discretion"). The rule specifically allows as authorized discretionary costs "reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions (or stipulated reports) and for trials, reasonable and necessary interpreter fees not paid pursuant to Tennessee Supreme Court Rule 42, and guardian ad litem fees[.]" Tenn. R. Civ. P. 54.04(2). As this Court has explained,

> When deciding whether to award discretionary costs under Tenn. R. Civ. P. 54.04(2), the courts should (1) determine whether the party requesting the costs is the "prevailing party," (2) limit awards to the costs specifically identified in the rule, (3) determine whether the requested costs are necessary and reasonable, and (4) determine whether the prevailing party has engaged in conduct during the litigation that warrants depriving it of the discretionary costs to which it might otherwise be entitled. The courts should not, however, base their decisions to award costs under Tenn. R. Civ. P. 54.04(2) on (1) a desire to punish the losing party, (2) whether the prevailing party is the plaintiff or defendant, or (3) the weight given to a particular witness's testimony.

*Massachusetts Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 35–36 (Tenn. Ct. App. 2002) (footnotes omitted). "Rule 54.04(2) discretionary costs expressly address themselves to the sound discretion of the trial court. Thus, on appeal, the party taking issue with an award of discretionary costs has the burden of showing the trial court abused its discretion." *Barnett v. Tennessee Orthopaedic All.*, 391 S.W.3d 74, 83 (Tenn. Ct. App. 2012) (citation omitted) (citing *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 180 (Tenn. Ct. App. 2010); *Jefferson*, 104 S.W.3d at 36).

Here, Appellees requested a total of $8,346.06 in discretionary costs. The trial court excluded the costs associated with expert fees and awarded Appellees the remaining costs of $3,499.81.[4] As we perceive it, Appellant takes issue with the costs awarded in four

---

[4] Appellees do not challenge on appeal the trial court's decision to exclude from the costs awarded the fees associated with their experts.

material respects: (1) the court reporter costs for pre-trial hearings are not authorized under Rule 54.04(2); (2) the costs associated with his deposition should not be awarded because Appellees acted in bad faith; (3) the trial court did not find that the costs were reasonable and necessary; and (4) court reporter fees are not awardable under Rule 68.

We begin with the costs awarded for court reporter work at pretrial hearings. Of the $8,346.00 in discretionary costs sought by Appellees, $2,269.01 reflected work performed by court reporters at pre-trial hearings. On appeal, Appellant argues that these costs are not proper discretionary costs under Rule 54.04(2), citing **Duran v. Hyundai Motor Am., Inc.**, 271 S.W.3d 178, 216 (Tenn. Ct. App. 2008) ("[C]ourt reporter fees for attending pretrial hearings are not permitted by Tenn. R. Civ. P. 54.04(2)."); *see also* **Austin v. Allen**, No. M2008-00414-COA-R3-CV, 2009 WL 837734, at *17 (Tenn. Ct. App. Mar. 27, 2009) (citing **Duran**, 271 S.W.3d at 216) ("Rule 54, Tenn. R. Civ. P., states that, among other things, the discretionary costs allowed are 'court reporter expenses for depositions or trials,' and does not include the costs associated with pre-trial hearings."). The Tennessee Supreme Court has recognized this rule, but noted that it is not absolute:

> With regard to discretionary costs, Rule 54.04(2) does not cover the expense incurred for serving subpoenas and does not *expressly* authorize court reporter expenses incurred at the hearing on the motion for a temporary restraining order. The rule does, however, allow the recovery of "reasonable and necessary court reporter expenses for *depositions or trials,*" but it does not necessarily provide for expenses incurred for pretrial hearings. Tenn. R. Civ. P. 54.04(2) (emphasis added); *see also* **Duran v. Hyundai Motor Am., Inc.**, 271 S.W.3d 178, 216 (Tenn. Ct. App. 2008). During the hearing on the motion for a restraining order on July 18, 2007, while not a trial on the merits in the traditional sense, the Plaintiff presented conclusive evidence resulting in (1) a finding by the trial court that the Defendants violated the City Charter, and (2) the entry of an order restricting "any further action . . . until there has been compliance with the City Charter." A full and final hearing on that issue could not have resulted in a more favorable or more conclusive determination. Under these circumstances, we believe that the Plaintiff may recover discretionary costs related to this hearing. *See* **Wills & Wills, L.P. v. Gill**, 54 S.W.3d 283, 287 (Tenn. Ct. App. 2001) (affirming discretionary costs where the trial court also granted injunctive relief).

**Fannon v. City of LaFollette**, 329 S.W.3d 418, 434 (Tenn. 2010) (footnotes omitted).

While we might be inclined to agree with Appellant on the law, there is a fatal flaw with his argument: he did not raise it prior to this appeal. Here, Appellant filed a response in opposition to the motion for discretionary costs and a motion to amend the trial court's discretionary costs rulings. He raised no argument in either of these filings that court reporter fees for pre-trial hearings were not allowable or authorized by the language of

Rule 54.04(2). Rather, in his first response, Appellant argued that Rule 54.04(2) did not mandate that the trial court award any discretionary costs to Appellees and that such an award would be inequitable under the circumstances. In his later motion to alter or amend the award, the only specific costs that Appellant took issue with were the court reporter fees from his own deposition. Thus, at no time prior to this appeal did Appellant raise the argument he now relies upon in this appeal.

The Court considered a similar situation in *Fichtel v. Fichtel*, No. M2018-01634-COA-R3-CV, 2019 WL 3027010 (Tenn. Ct. App. July 10, 2019). In that case, the mother argued on appeal that certain discretionary costs awarded by the trial court were not "allowable under [R]ule 54.04(2)." *Id.* at \*27. But the father pointed out that the mother had not raised this argument in the trial court. Instead, the mother had only filed her own motion for discretionary costs, which she asserted "constituted an objection to all the moneys Father requested." *Id.*

We rejected the mother's argument. As we explained,

> It is well-settled that issues may not be raised for the first time on appeal. *See In re M.L.P.*, 281 S.W.3d 387, 394 (Tenn. 2009). This Court has previously held that objections to discretionary costs may be waived in similar circumstances. *See Paschall v. Srebnick*, No. M2011-02059-COA-R3-CV, 2012 WL 2054339, at \*2 (Tenn. Ct. App. June 7, 2012) ("One purpose of a response to a motion seeking relief of any sort is to advise the movant of the extent to which the motion is opposed. Having failed to put the costs sought by Defendants at issue in their initial response by specifically objecting to either the nature of the costs sought or the manner in which the application was made, Plaintiffs waived any objection to the award."). Given that Mother raised no specific objection to the costs included in Father's request for discretionary costs, we conclude that an argument to that effect on appeal is waived.

*Fichtel*, 2019 WL 3027010, at \*28.

The same is true here. Although Appellant objected generally to the award of discretionary costs, he raised no argument that court reporter fees incurred at pre-trial hearings were not allowable costs under Rule 54.04(2) until this appeal. As a result, this argument is waived.

Appellant next asserts that no court reporter fees from his March 29, 2018 deposition should be awarded because the deposition took over five hours and was not in good faith. As an initial matter, Appellant cites no legal support for this argument. *See* Tenn. R. App. P. 27(a)(7) (requiring the brief of the appellant to contain an argument supported by citations to authority); *cf. Sneed v. Bd. of Prof'l Responsibility of Supreme*

- 5 -

***Court***, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

Moreover, the record indicates that the first time that Appellant even mentioned this issue was in his motion to alter or amend the award of discretionary costs.[5] But even Appellant's motion to alter or amend contained nothing more than a vague indictment of the court reporter fees associated with this deposition; the motion to alter or amend contained no express allegation that Appellees acted in bad faith. Appellant likewise made no assertion of bad faith conduct during the hearing in which the motion for discretionary costs was first considered. Even if we were to assume that Appellant's motion to alter or amend fairly raised this argument, it is still not proper. Generally, when a party raises an argument for the first time in a motion to alter or amend, we will deem the argument waived, as motions to alter or amend are not vehicles for raising "new, previously untried or unasserted theories or legal arguments." ***In re M.L.D.***, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005); *see also* ***In re M.L.D.***, 182 S.W.3d 890, 895 (Tenn. Ct. App. 2005) ("A Rule 59 motion should not be used to raise or present new, previously untried or unasserted theories or legal arguments."). Thus, Appellant's argument as to these costs is again waived.

Appellant next asserts that the trial court did not expressly state that the costs it awarded were reasonable and necessary. Although we agree that the trial court's order lacks this explicit finding, we cannot conclude that this constitutes reversible error. Under Rule 36(b) of the Tennessee Rules of Appellate Procedure, "[a] final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Moreover, trial court orders must be considered for both what they explicitly state and what is clearly implied. *See*

---

[5] For example, nothing in the record indicates that Appellant ever filed a motion under Tennessee Rule of Civil Procedure 30.04 asserting that the deposition was taken in bad faith. Rule 30.04 provides as follows:

> At any time during the taking of the deposition, on motion of a party or of the deponent and upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court in which the action is pending may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in Rule 26.03. If the order made terminates the examination, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rule 37.01(4) apply to the award of expenses incurred in relation to the motion.

***Morgan Keegan & Co. v. Smythe***, 401 S.W.3d 595, 608 (Tenn. 2013) ("[W]hen construing orders and judgments, effect must be given to that which is clearly implied, as well as to that which is expressly stated."). Here, the trial court clearly carefully considered the fees requested by Appellees and it excluded all fees associated with experts, a significant portion of the overall request. Moreover, at a hearing concerning the discretionary costs, the trial court noted that it was not ruling that even the excluded expert fees were "not reasonable and necessary for the defense," but that it simply did not find them appropriate to award as discretionary costs. Thus, it appears from the record that the trial court undertook the proper analysis in determining whether to award discretionary costs in this case. As such, while trial courts are encouraged to include specific findings as to the reasonableness and necessity of fees in their orders, we conclude that no reversible error has been shown in this case.

Finally, Appellant asserts that court reporter fees should not be awarded under Rule 68 of the Tennessee Rules of Civil Procedure. Rule 68 relates to offers of judgment. Although Appellees cited Rule 68 as one basis for the award of discretionary costs, Appellees' motion also cited Rule 54.04(2) as a separate and independent basis for the award of discretionary costs. As previously discussed, Rule 54.04 expressly authorizes the award of costs associated with court reporter expenses for depositions and trials. The trial court was therefore well within its discretion to award these costs regardless of what is authorized under Rule 68.

## IV. CONCLUSION

The judgment of the Hamblen County Circuit Court is affirmed. Costs of this appeal are taxed to Appellant Michael Murphy, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE