IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 19, 2024

## RONALD ANSON WHEELER v. VINCENT VANTELL, WARDEN

**Appeal from the Circuit Court for Trousdale County**
**No. 2023-CV-5099      Michael Collins, Judge**

_____

### No. M2024-00615-CCA-R3-HC
_____

In 2022, the Petitioner entered a best interest plea to one count of reckless homicide and two counts of selling fentanyl.  By agreement, the State dismissed multiple other pending charges, and the trial court entered the agreed sentence of fifteen years.  In 2024, the Petitioner filed a petition for habeas corpus relief contending that, pursuant to the circumstances of the plea, the trial court lacked subject matter jurisdiction over the case, nullifying his convictions.  The habeas corpus court summarily dismissed the petition.  The Petitioner filed an untimely appeal but claims that he improperly filed for appeal in the wrong court.  On appeal, he maintains his subject matter jurisdiction claim.  After review, we affirm the habeas corpus court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and TIMOTHY L. EASTER, JJ., joined.

Ronald Anson Wheeler, Trousdale, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; William C. Lundy, Assistant Attorney General; Jason L. Lawson, District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts

This case arises from the death of Christopher William Thompson, who died after ingesting fentanyl given to him by the Petitioner.  A transcript of the guilty plea hearing is not included in the record, but the record evinces that the Overton County grand jury indicted the Petitioner for two counts of second degree murder; three counts of delivery of a Schedule II controlled substance, fentanyl; two counts of the sale of a Schedule I controlled substance, heroin; two counts of the delivery of a Schedule I controlled

substance, heroin; and two counts of the sale of a Schedule II controlled substance, fentanyl. The toxicology report indicated that twenty-five-year-old Mr. Thompson was found dead in the bathroom of his home by his mother when she returned home from work. Several items of drug paraphernalia were noted throughout the residence and near Mr. Thompson's body.

Included in the record is the Medical Examiner's autopsy report of Mr. Thompson's body dated September 21, 2019, which indicated that Mr. Thompson had ingested methamphetamine and fentanyl. The report listed the cause of death as "fentanyl toxicity" and the manner of his death as an accident. On June 30, 2021, the Medical Examiner's office filed an amended autopsy report, which changed the cause of death from "fentanyl toxicity" to "mixed drug toxicity (fentanyl, methamphetamine)." It explained that this change better aligned the cause of death statement with established office policy. The remainder of the autopsy report was unchanged.

The Petitioner entered a plea on May 18, 2022. He entered a best interest guilty plea to one count of reckless homicide as a lesser included offense of second degree murder and two counts of the sale of a Schedule II controlled substance, fentanyl. The trial court entered the agreed sentence of twelve years for the reckless homicide conviction, which would be served consecutively to two, three-year, concurrent sentences for each of the drug sale convictions. The plea agreement articulated that the total effective sentence was fifteen years, to be served at thirty percent. The Petitioner did not appeal his convictions or sentences.

On January 5, 2024, the Petitioner filed a petition for habeas corpus relief in which he contended that his convictions were void. He asserted that there existed no proof that he sold Mr. Thompson methamphetamine, which the amended autopsy report indicated contributed to his death. He further asserted that the alteration in the autopsy report deprives the trial court of subject matter jurisdiction because the heroin charges against him in this case were dismissed.

The habeas corpus court summarily dismissed the Petitioner's petition. The court found that the judgments in this case appeared valid. It further found that the trial court had subject matter jurisdiction over the case. It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that that the habeas corpus court erred when it summarily dismissed his petition because it lacked subject matter jurisdiction. He also raises, for the first time, issues regarding body camera footage from police officers,

2

evidence found at the scene, and a summary of an interview with Mr. Thompson's mother. The State counters that the Petitioner's notice of appeal was untimely and further that he has waived review of any of the issues raised for the first time on appeal.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in *State v. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998), *no perm. app. filed*; *Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

The first issue in this case, as noted by the State, is that the Petitioner's notice of appeal was not timely filed. There is no question that the Petitioner's notice of appeal was untimely. The Petitioner contends that he improperly filed his notice of appeal in the United States District Court, and he has attached to his reply brief an unstamped copy of a notice of appeal to the United States District Court. A notice of appeal is not jurisdictional,

and the requirement for a timely notice of appeal may be waived in the interest of justice. Tenn. R. App. P. 4(a). "In determining whether waiver is appropriate, this [c]ourt will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Broyld*, No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005). While we do not find the Petitioner's argument compelling, in the interest of justice we waive the untimely notice of appeal and address the merits of his claims.

We conclude that the Petitioner has failed to prove, by a preponderance of the evidence, that the judgments are void or that his sentence has expired. The Petitioner frames his argument by saying the trial court lacked subject matter jurisdiction to hear his guilty plea since the charges alleging that he sold heroin to the victim were dismissed as part of his guilty plea and since the autopsy report was modified to include that Mr. Thompson died from fentanyl and methamphetamine. "'Lack of jurisdiction' refers to subject matter jurisdiction[,]" or "a court's authority to adjudicate a dispute brought before it." *State v. Nixon*, 977 S.W.2d 119, 120 (Tenn. Crim. App. 1997); *Freeman v. CSX Transp., Inc.*, 359 S.W.3d 171, 176 (Tenn. Ct. App. 2010). "Subject matter jurisdiction involves the nature of the cause of action and the relief sought and can only be conferred on a court by legislative or constitutional act." *State v. Yoreck*, 133 S.W.3d 606, 612 (Tenn. 2004). "The circuit and criminal courts have original jurisdiction of all criminal matters not exclusively conferred by law on some other tribunal." T.C.A. § 40-1-108.

The Petitioner's guilty plea was accepted and entered by the criminal court for Overton County. The medical examiner's amendment occurred before the Petitioner entered his guilty plea. Part of the negotiated plea agreement included that the State dismiss some of the charges against the Petitioner. The State's dismissal in no way divested the Overton County Criminal Court of subject matter jurisdiction over the case. The Petitioner is not entitled to relief on this issue.

Finally, we conclude that the Petitioner has waived the remaining issues that he raises for the first time on appeal. *See State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived."). Accordingly, the Petitioner is not entitled to relief.

We conclude that the Petitioner did not state a cognizable claim for habeas corpus relief and, therefore, the habeas corpus court's summary dismissal was appropriate.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude that there

was no error and, as such, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE